OPINION
{¶ 1} On March 28, 2004, Canton Police Officers Michael Nordick and Vicky Sellers responded to a call regarding a suspicious vehicle. Upon arriving at the scene, it appeared the driver, appellant, Larry Moore, was asleep behind the wheel. The officers knocked on the window and eventually appellant woke up. Appellant did not talk to the officers but instead drove away. The officers chased him and broke his window after appellant stopped his vehicle for a red light. Upon investigation, the officers charged appellant with a felony count of failure to comply with order or signal of police officer in violation of R.C. 2921.331, driving under the influence in violation of R.C. 4511.19 and driving under suspension in violation of R.C. 4510.16.
 {¶ 2} Thereafter, the Stark County Grand Jury indicted appellant on misdemeanor charges and sent the case to the municipal court. A jury trial commenced on July 20, 2004. The jury found appellant guilty as charged. By judgment entry filed July 21, 2004, the trial court sentenced appellant to a total aggregate term of one hundred eighty days in jail, all but thirty-one days suspended, ordered him to perform one hundred hours of community service and suspended his driver's license for three years.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The appellant was denied his constitutional right to due process under the fourteenth amendment to the united states constitution for the state's failure to preserve evidence."
 II {¶ 5} "The appellant was denied his constitutional right to effective assistance of counsel."
 III {¶ 6} "The trial court abused its discretion by failing to grant appellant's motion for mistrial."
 IV {¶ 7} "The verdict is against the sufficiency/weight of the evidence."
 I {¶ 8} Appellant claims the police destruction of the videotape of his stop deprived him of due process and a fair trial. We disagree.
 {¶ 9} Pursuant to City of Canton police procedure, a videotape was made of appellant's chase and arrest on March 28, 2004:
 {¶ 10} "A. It is the policy of the Canton Police Department that any officer operating a patrol car equipped with an in-car audio/video recording device shall activate the device and the `to call' status button upon receiving a dispatched call. Officers shall activate the device upon all observation and traffic stops (whether pedestrian or vehicular), vehicle pursuits, and initial statements of motorists and witnesses at crash scenes. Officers shall also record such other events, situations, and circumstances, including but not limited to armed encounters, acts of violence, and felony activities. The recorder will not be deactivated until the call is complete." See, General Order, In-Car Mobile Audio/Video, Defendant's Exhibit A 1-4.
 {¶ 11} The procedure also permits reuse of the videotape after thirty days:
 {¶ 12} "B. When all new or unused tapes assigned to a vehicle have been used, the tape with the oldest recordings that have no evidentiary value and are a minimum of 30 days old will be erased and reused. The above information will again be added to the label."
 {¶ 13} By motion filed July 7, 2004, appellant requested an order to preserve "all audio, video, handwritten, or electronically recorded contact information dealing with the stop, detention, arrest, transport, of and contact" with appellant. The trial court issued said order on July 8, 2004. Appellant's stop and arrest occurred on March 28, 2004. Because the videotape did not have any evidentiary value, it was not preserved for evidence. T. at 132. It appears pursuant to police procedure, the videotape of appellant's stop was reused prior to the motion and order. T. at 133.
 {¶ 14} Defense counsel inquired at length of the two officers regarding the videotape, however, a motion to dismiss or a request for any other sanction for failure to comply with the trial court's July 8, 2004 order was never made. T. at 94-100, 137-146.
 {¶ 15} In Arizona v. Youngblood (1988), 488 U.S. 51, 58, the United States Supreme Court held the following:
 {¶ 16} "We think that requiring a defendant to show bad faith on the part of the police both limits the extent of the police's obligation to preserve evidence to reasonable bounds and confines it to that class of cases where the interests of justice most clearly require it, i.e., those cases in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant. We therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."
 {¶ 17} Based upon no clear record of the events but in reliance on appellant's own exhibit cited supra, we find it would have been impossible for the state to comply with the trial court's July 8, 2004 order and find no showing of bad faith on the part of the police.
 {¶ 18} Assignment of Error I is denied.
 II {¶ 19} Appellant claims he was denied the effective assistance of trial counsel because his trial counsel failed to preserve the videotape of the stop and failed to file a motion to suppress. We disagree.
 {¶ 20} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 21} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 22} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 VIDEOTAPE {¶ 23} Appellant was arrested on March 28, 2004. The case was bound over to the grand jury on April 5, 2004. The grand jury returned an indictment containing misdemeanors so the case was returned to the municipal court on April 30, 2004. Pursuant to City of Canton police procedures discussed supra, the videotape of the stop would have already been destroyed. Appellant's attorney of record on April 6, 2004 was not appellant's trial counsel. The law does not require an attorney to do a vain act or one where there would be no result. We find this claim of ineffective assistance of trial counsel to be without merit. Further, without the videotape, there is no way to establish it would have been of any value.
 MOTION TO SUPPRESS {¶ 24} Appellant claims there were issues concerning the lawfulness of his stop and therefore, his trial counsel should have filed a motion to suppress.
 {¶ 25} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 26} Police officers responded to a call on "the welfare of suspicious vehicle * * * [s]aid there was a man slumped at the wheel in a parking spot." T. at 65. The officers found appellant "slumped sitting in the driver's seat with the vehicle running." Id. Officer Nordick knocked on the window more than a dozen times to awaken appellant. T. at 66. After appellant awoke, Officer Nordick told him to unlock the door or roll down the window. Id. Appellant did not comply. Id. Officer Nordick identified himself and shined a light on his badge. Id. Appellant acknowledged the officer's presence, smiled at him and drove off. T. at 67. The police officers pursued appellant's vehicle with lights and sirens which appellant ignored until he stopped for a red light. T. at 67-68.
 {¶ 27} We find the facts sub judice do not violate Terry and its progeny. The first encounter with appellant was clearly a consensual stop. Once appellant refused to comply with the lawful police order and fled, the officers had a reasonable suspicion of criminal activity. Therefore, we conclude the failure to file a motion to suppress was not a legal deficiency nor did it substantially prejudice appellant.
 {¶ 28} Assignment of Error II is denied.
 III {¶ 29} Appellant claims the trial court erred in not granting him a mistrial. Appellant claims Officer Nordick's mention of the felony bind over violated a trial court order and prejudiced his rights to a fair trial. We disagree.
 {¶ 30} The grant or denial of a mistrial rests in the sound discretion of the trial court. State v. Garner (1995), 74 Ohio St.3d 49. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 31} On July 15, 2004, appellant filed a motion in limine, requesting the trial court to exclude appellant's "prior bad acts, crimes and reputation or character" and any reference to statements appellant may have made to police officers "that have not been disclosed in discovery."
 {¶ 32} Appellant argues the motion extended to the fact that the failure to comply charge had been charged as a felony and the case had been bound over to the grand jury. Prior to the start of the trial, defense counsel stated the motion in limine was relative to appellant's "prior bad acts, crimes, reputation of character" and also a reference to any statements appellant might have made to police officers. T. at 4. No mention was made of previous charges.
 {¶ 33} Officer Nordick did testify that he had cited appellant for a felony. T. at 123. This response was elicited on redirect examination upon defense counsel's recross-examination as to why the officer failed to cite appellant for driving over the curb and failing to use his turn signal. T. at 121-122. Upon objection to the statement, the trial court gave an immediate cautionary instruction. T. at 123. During cross-examination of this same witness, defense counsel used the preliminary hearing transcript. T. at 109-113.
 {¶ 34} We find the trial court's response to be correct and sufficient given the nature of the questioning, the previous questioning of the witness and the motion in limine ruling.
 {¶ 35} Assignment of Error III is denied.
 IV {¶ 36} Appellant claims his convictions for driving under the influence and driving under suspension were against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 37} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 38} R.C. 4511.19 governs driving under the influence. Subsection (A)(1) states in pertinent part, "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 39} R.C. 4510.16(A) governs driving under suspension and states the following in pertinent part:
 {¶ 40} "No person, whose driver's or commercial driver's license or temporary instruction permit or nonresident's operating privilege has been suspended or canceled pursuant to Chapter 4509. of the Revised Code, shall operate any motor vehicle within this state, or knowingly permit any motor vehicle owned by the person to be operated by another person in the state, during the period of the suspension or cancellation, except as specifically authorized by Chapter 4509. of the Revised Code."
 {¶ 41} Officer Nordick testified appellant had a moderate odor of alcohol about his person, his eyes "were somewhat glossy" and he "was swaggering, he needed support in order to get back to the cruisers." T. at 69. Appellant's demeanor was inappropriate as he was laughing and "blowing off my questions like this is not a serious incident." T. at 71. Appellant appeared cocky and his speech "was very difficult to understand." Id. Officer Nordick opined appellant was under the influence of alcohol based upon the totality of the circumstances surrounding his arrest. T. at 73-74. We find the evidence, if believed by the jury, to be sufficient to find appellant guilty of driving under the influence pursuant to R.C. 4511.19(A)(1).
 {¶ 42} The state presented State's Exhibit 2, an Ohio Bureau of Motor Vehicles Driver Record Certification. It was identified and testified to as the notarized printout of appellant's driving record. T. at 77-78. Appellant did not contest the suspension, but testified "I have just lately obtained that information about my suspension" as he had previously been unaware of it. T. at 158-160. We find the driver record certification to be sufficient evidence to find appellant guilty of driving under suspension.
 {¶ 43} Upon review, we find sufficient credible evidence to support the convictions, and no manifest miscarriage of justice.
 {¶ 44} Assignment of Error IV is denied.
 {¶ 45} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed.