The STATE of Ohio, Appellee,

v.

ROBSON, Appellant.

[Cite as *State v. Robson,* 165 Ohio App.3d 621, 2006-Ohio-628.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

No. 05CA8.

Decided Feb. 7, 2006.

John L. Detty, for appellee.

John K. Clark Jr., for appellant.

McFARLAND, Judge.

{¶ 1} Mark Robson ("appellant") appeals his conviction in the Jackson County Municipal Court for operating a motor vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1).[1] Appellant contends that the trial court abused its discretion when it ruled that he had waived his right to file a motion to suppress. We find that when the trial court chose to hold an evidentiary hearing on the motion to suppress it inherently determined that the motion was timely. In our view, the trial court acted unreasonably by scheduling the hearing, having witnesses appear, and accepting testimony during a contested hearing and then finding that the motion was untimely filed instead of actually addressing the merits of the suppression motion. Therefore, we reverse the trial court's decision denying the motion to suppress and remand the case for further proceedings consistent with this opinion.

## I. Facts

{¶ 2} On August 12, 2001, Sgt. Thompson of the Ohio State Highway Patrol stopped appellant for OVI, driving with a suspended license, and a seat-belt violation. Appellant was arraigned on August 14, 2001, at which time he entered pleas of not guilty to the charges. Since the OVI was a third offense, the trial court set the matter for a jury trial, and the remaining charges were scheduled for trial to the bench. The bench trial was set for October 22, 2001, and the jury trial was scheduled for November 9, 2001.

---

1. R.C. 4511.19 has been amended several times since Robson's offense. We apply the version of R.C. 4511.19 that was in effect at the time of the offense. *State v. Young*, Ross App. No. 04CA2765, 2004-Ohio-4730, 2004 WL 1982348, at fn. 1.

{¶ 3} Appellant failed to appear for the bench trial on October 22, 2001, and the trial court issued a bench warrant for his arrest. Over three years later, on February 11, 2005, appellant was located and picked up on the bench warrant.

{¶ 4} On February 24, 2005, new counsel entered his appearance as counsel of record for appellant. Counsel made a request for discovery on February 24, 2005, and filed a motion to suppress on March 1, 2005. No motion was filed seeking leave to file the motion to suppress or to extend the time to file the motion. By letter dated March 2, 2005, the Jackson County Prosecuting Attorney informed attorney Clark that discovery was available for review and copying. On March 3, 2005, the prosecuting attorney filed a request for disclosure of evidence.

{¶ 5} Based on the motion to suppress filed on appellant's behalf, the trial court set the matter for hearing on March 14, 2005. At the hearing and prior to taking evidence, the trial court raised the issue of whether the motion to suppress was timely filed or whether appellant had waived his right to raise the issue. The trial court then took evidence and at the close of the hearing requested the parties to brief the issue of waiver.

{¶ 6} Appellant filed a memorandum on March 24, 2005, stating that upon receiving the discovery packet from the prosecuting attorney's office on March 1, 2005, he immediately filed a motion to suppress. Appellant argued that the interests of justice required that motion to suppress be considered. The state filed its response on March 28, 2005, arguing that the trial court had discretion with regard to the consideration of such matters, and unless a movant sets forth information to prove a convincing reason for allowing such a deviation from the rule, a motion to suppress filed outside the time limits should be denied.

{¶ 7} By a decision and entry filed March 29, 2005, the trial court found that appellant's motion to suppress was filed out of rule and that no convincing reason was provided as to why the motion was filed out of rule. The trial court held that appellant had waived his right to raise the objection to his two issues in the motion to suppress.

## II. Assignment of Error

{¶ 8} "The court abused its discretion when it ruled defendant waived his rights to file a motion to suppress—despite scheduling and conducting the suppression hearing."

## III. Law and Analysis

{¶ 9} Our review of a trial court's decision to permit or deny leave to file an untimely motion to suppress is controlled by an abuse-of-discretion standard. *State v. Rush* (July 22, 2003), Delaware App. No. 03CAC01002, 2003

WL 21694004 at *1. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *State v. Polick* (1995), 101 Ohio App.3d 428, 431, 655 N.E.2d 820, citing *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24; *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622. When applying the abuse-of-discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *Polick*, 101 Ohio App.3d at 431, 655 N.E.2d 820, citing *Berk v. Matthews* (1990) 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶ 10} The time frame governing pretrial motions is set forth in Crim.R. 12(D), which states:

{¶ 11} "All pretrial motions except as provided in Crim.R. 7(E) and 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."

{¶ 12} Crim.R. 12(H) addresses the effect of failure to raise defenses or objections in connection with pretrial motions. It states:

{¶ 13} "Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial, at the times set by the court pursuant to division (D) of this rule, or prior to any extension of time made by the court, shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver."

{¶ 14} Additionally, when a motion to suppress is filed out of the rule timelines, the movant must "offer a convincing reason to warrant relief." See *State v. Phillips* (1995), 74 Ohio St.3d 72, 97, 656 N.E.2d 643.

{¶ 15} We have previously held in *State v. Lloyd*, Gallia App. No. 03CA20, 2004-Ohio-4729, 2004 WL 1975513, that a motion to suppress filed on the day of trial is not timely and need not be considered by trial court due to requirements of Crim.R. 12(D).

{¶ 16} The facts below are quite different than in *Lloyd*. The case sub judice presents the question of whether the trial court acted unreasonably in denying appellant's motion to suppress on timeliness grounds. Initially, we note that this case commenced on August 14, 2001, when appellant was arraigned and appeared without counsel. The motion to suppress was filed March 1, 2005, by counsel who entered his appearance only one week before, on February 24, 2005. The motion was, on its face, filed more than three years past the 35–day limit imposed by Crim.R. 12(D). Crim.R. 12(H) does state that the failure by the

defendant to raise defenses or objections within the time set by Crim.R. 12(D) or any other time limit set by the court constitutes a waiver. Therefore, on its face, it seems that appellant waived his right to file a motion to suppress, absent a showing that the interest of justice required otherwise. The obvious purpose of the time requirement for motion practice is to permit the court to proceed with its duties in an orderly and timely fashion and to place the burden on movants to timely request any relief they desire.

{¶ 17} The facts below are also distinguishable from *State v. Davis*, Jackson App. No. 03CA16, 2004-Ohio-1226, 2004 WL 504594, wherein we held that a "failure to timely file a motion to suppress evidence amounts to a waiver of any such issues for purposes of trial." There we stated: "In the interests of justice, however, a court may set aside [the] waiver and allow the motion to be considered out of rule." The trial court in *Davis* summarily denied the motion to suppress, without a hearing, concluding that the motion was not timely under Crim.R. 12(D). The factual difference between *Davis* and the case now under review is that no hearing was held as to the merits of the motion to suppress. Had the court below used the same method it instituted in *Davis* and just denied the motion as untimely, it undoubtedly would have been within the wide latitude granted a trial court under the abuse-of-discretion standard on appellate review. See *State v. Summers*, Morgan App. No. 02CA7, 2002-Ohio-5284, 2002 WL 31185794, citing *State v. Karns* (1992), 80 Ohio App.3d 199, 608 N.E.2d 1145 ("a trial court's decision denying leave to file an untimely motion to suppress will not be disturbed on appeal absent an abuse of the trial court's discretion").

{¶ 18} Further, it is also important to note that not all motions to suppress require a hearing under Crim.R. 12(E) for disposition. The court in *State v. Hartley* (1988), 51 Ohio App.3d 47, 554 N.E.2d 950, correctly reiterated this by saying: "Crim. R. 12(E) does not mandate a hearing on every suppression motion. The trial court is required to hold a hearing only when the claims are supported by factual allegations which would justify relief."

{¶ 19} Therefore, by holding a hearing on the merits the court below inherently found some merit to the motion and purged any waiver due to the lateness of the motion. Further, by denying the motion on procedural rather than substantive grounds it seemed to thwart the interests of justice and punish the defendant for not appearing in 2001. Thus, we believe that the time for evaluating good cause for a late motion to suppress is prior to conducting an evidentiary hearing on the motion, not after all the evidence has been submitted during a contested hearing.

{¶ 20} The provisions in both Crim.R. 12(D) and 12(H), granting a court discretion when dealing with pretrial defenses or objections, should be completed

before getting to the merits of any motion. In our view, judicial economy would mandate confronting issues of an untimely motion before forcing the parties to prepare and complete a contested hearing on the merits.

{¶ 21} On the other hand, we completely understand the trial court's frustration towards a defendant who fails to appear and attempts to explain his absence by forgetfulness. However, the interests of justice, at times, require overlooking this frustration in the pursuit of fairness and due process.

{¶ 22} This is particularly true when considering that trial counsel below invested their time and resources in preparation for a hearing on the merits of the suppression motion only to see their efforts disregarded by the trial court on timeliness grounds. If the trial court had simply denied the motion initially without a hearing, as being untimely, it probably would have passed our scrutiny.

{¶ 23} In our view, the trial court acted unreasonably in scheduling and completing a hearing on the merits of the motion to suppress and then denying it on procedural grounds. The timeliness of the motion arguably became moot once the trial court accepted evidence on the merits of the motion.

{¶ 24} Accordingly, the decision of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

HARSHA, P.J., and ABELE, J., concur.