[Cite as *State v. Fuller*, 2011-Ohio-860.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 10CA5 |
| | : | |
| v. | : | |
| | : | |
| Damark L. Fuller, | : | DECISION AND |
| | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | |
| | | File-stamped date: 2-18-11 |

APPEARANCES:

Richard H. Hedges, Gallipolis, Ohio, for Appellant.

Jeffery C. Adkins, Gallia County Prosecuting Attorney, and Eric R. Mulford, Gallia County Assistant Prosecuting Attorney, Gallipolis, Ohio, for Appellee.

_____

Kline, J.:

**{¶1}** Damark L. Fuller appeals his trafficking in crack cocaine conviction and contends that the trial court erred when it denied his motion to suppress as untimely. However, we find that Fuller failed to offer any justification for his untimely motion before the trial court. As such, we find that the trial court acted within its discretion in denying his untimely motion. Accordingly, we affirm the judgment of the trial court.

I.

**{¶2}** On April 10, 2009, trooper Nicholas G. Hoffman of the Ohio State Highway Patrol was stationed on State Route 35. He observed a light blue 1995 Chevrolet Caprice Classic traveling eastbound. Fuller was driving the vehicle. Hoffman noted that the windows of this car had a darker tint then permitted under Ohio law.

{¶3}      Hoffman decided to stop the Chevrolet and issue a citation.  But before initiating a stop, Hoffman followed the Chevrolet for several minutes.  While Hoffman followed the Chevrolet, he noted that the vehicle deviated from its lane twice without signaling and that the driver decreased his speed to ten miles per hour below the legal speed limit after the driver saw Hoffman.

{¶4}      At 8:37 p.m., Hoffman initiated a traffic stop of the Chevrolet.  During the stop, Hoffman noticed that Fuller fidgeted while waiting for the trooper to approach the vehicle.  When Hoffman took Fuller's identification, registration, and insurance information, Hoffman noticed that the car had an unusually strong smell of air freshener.

{¶5}      Hoffmann requested a canine officer to conduct a walk around on the Chevrolet.  He then performed routine checks on Fuller's identification while waiting for the canine officer.  A few minutes after Hoffman made his request, trooper Nicholas S. Johnson of the Ohio State Highway Patrol arrived.  Johnson conducted the walk around, and his dog alerted on the passenger door of the Chevrolet.

{¶6}      Hoffman then had Fuller exit the vehicle so that the officers could pat Fuller down prior to searching the vehicle.  During the pat down, Hoffman discovered crack cocaine hidden in Fuller's pants.  Fuller also admitted to having some marijuana in his jacket.  Evidence at trial indicated that the crack cocaine weighed 58.3 grams.

{¶7}      On April 17, 2009, the Gallia County Grand Jury returned a two-count indictment.  The first count accused Fuller of trafficking in crack cocaine in violation of R.C. 2925.03(A)(2).  The second count accused Fuller of possession of crack cocaine in violation of R.C. 2925.11(A).  Fuller filed a motion to suppress evidence, contending that he was held too long before the canine officer arrived.  Fuller filed this motion on

Thursday, April 22, 2010, and the first day of trial was Monday, April 26, 2010. The trial court denied the motion to suppress as being untimely. The case proceeded to trial, and the jury returned a verdict of guilty on both counts. The trial court merged both counts for sentencing and imposed a sentence of ten years incarceration on count one only.

{¶8}     Fuller appeals and assigns the following error for our review: "The court overruled a motion to suppress without a hearing resulting in ineffective assistance of counsel by failing to obtain the opportunity for the suppression of evidence of the reasons for the seizure."

II.

{¶9}     Fuller's assignment of error unfortunately combines two distinct issues. First, Fuller contends that the trial court erred when it dismissed his motion to suppress without a hearing. Second, Fuller appears to claim that his attorney provided ineffective assistance because the attorney failed to file the motion to suppress in a timely manner.

{¶10}     In his brief, however, Fuller concentrates on the merits of his motion to suppress and fails to cite any cases related to the ineffective assistance of counsel argument. Nor does Fuller raise any express argument under either prong of the relevant *Strickland* standard. See *State v. McIntire*, Pickaway App. No. 09CA10, 2010-Ohio-3955, at ¶26 (explaining the relevant standard), quoting *Strickland v. Washington* (1984), 466 U.S. 668, 687. Fuller fails to raise any actual argument in his brief for the ineffective assistance of counsel issue that he mentions in his assignment of error, and we decline to consider this unargued issue.

**{¶11}** We might consider a criminal appellant's arguments notwithstanding violations of the appellate rules. But here, it is not at all clear that Fuller even intends to raise the ineffective assistance of counsel argument. And we may disregard an assigned error where an "appellant has wholly failed to present any specific argument concerning [the assigned error.]" *State v. Turner*, Richland App. No. 2010-CA-0016, 2010-Ohio-5420, at ¶41.

**{¶12}** In addition, Fuller was represented by the same counsel at trial and on appeal. Some appellate districts have held that "a lawyer may not allege his or her own ineffectiveness on appeal." *State v. Harris*, Belmont App. No. 00 BA 26, 2002-Ohio-2411, at ¶20. Other appellate districts have considered ineffective assistance of counsel arguments where the same lawyer represented the defendant on appeal and at trial. Id. at ¶21. We have previously had occasion to consider this issue, but we have declined to reach a definite conclusion. *State v. Hudnall*, Lawrence App. No. 04CA3, 2004-Ohio-5369, at ¶6, fn. 3 (*Hudnall* does indicate, in dicta, that under appropriate circumstances lawyers may argue their own ineffective assistance). Here, Fuller fails to make any express argument in his brief in support of a claim of ineffective assistance of counsel, and we accordingly need not decide whether lawyers may argue that they provided ineffective assistance.

**{¶13}** Instead, we consider Fuller's argument that the trial court erred by denying his motion to suppress without a hearing. The criminal rules expressly provide that "motions to suppress evidence * * * on the ground that it was illegally obtained" must be raised before trial. Crim.R. 12(C)(3). The criminal rules also establish time limits for the filing of pretrial motions. "All pretrial motions * * * shall be made within thirty-five days

after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions." Crim.R. 12(D). In essence, Fuller argues that the trial court erred when it failed to extend the time for making pretrial motions under Crim.R. 12(D).

{¶14} The trial court concluded "[t]he court does not find Defendant's Motion to Suppress well taken as being untimely and being filed just two working days prior to trial and without leave of Court and some five weeks after current counsel was appointed with practically the same discovery response by the State being available on the day of current counsel's appointment. Defendant is considered to have waived any error."

{¶15} "Generally, appellate courts review trial court decisions to extend the time for filing a pretrial motion[] under the abuse of discretion standard." *State v. Evans*, Scioto App. No. 08CA3268, 2010-Ohio-2554, at ¶16, citing *State v. Robson*, 165 Ohio App.3d 621, 2006-Ohio-628, at ¶9 (other citation omitted).

{¶16} "An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable." *State v. Carter*, Ross App. No. 10CA3169, 2010-Ohio-6316, at ¶44, citing *State v. Adams* (1980), 62 Ohio St.2d 151, 157. In order to demonstrate an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 1996-Ohio-159.

{¶17} Here, we have reviewed Fuller's motion. Fuller failed to raise any justification for the lateness of this motion before the trial court. Since the rule bars late motions as

a default, we cannot say that the trial court abused its discretion when it denied the motion on this basis.

**{¶18}** Furthermore, in Fuller's appellate brief, he merely argues that the trial court should have considered his untimely motion because "Fuller was unavailable for several months" and Fuller's "trial counsel was relatively newly appointed[.]"  Fuller's Brief at 6. However, the trial court reasonably rejected the argument that Fuller's counsel was newly appointed when it noted that Fuller's counsel had been appointed five weeks before the motion was filed and that the State had already provided all of the discovery that was necessary to file the motion to suppress.  The brief does not specify precisely why Fuller was unavailable.  But in reviewing the record, it seems likely that counsel is referring to a period of time following October 13, 2009, when the trial court issued a warrant for Fuller's arrest.  The trial court issued the warrant because Fuller failed to appear for his initial trial date.  When Fuller was arrested on the bench warrant, the trial court immediately set the final trial date and appointed new counsel to represent Fuller. And we cannot say that a trial court abused its discretion in refusing to consider such a delay as a basis for extending the time for pretrial motions.

**{¶19}** Accordingly, we overrule Fuller's assignment of error and affirm the judgment of the Gallia County Court of Common Pleas.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and appellant to pay the costs of the appeal herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.


Harsha, P.J. and McFarland, J.:  Concur in Judgment and Opinion.



For the Court


BY:  _____
        Roger L.  Kline, Judge




## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**