[Cite as *State v. Fornshell*, 2011-Ohio-3560.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 10 CA 48 |
| JACOB FORNSHELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Municipal Court,
                             Case No. TRC 0907236


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      July 18, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MATTHEW B. WIDEMAN                    J. MATTHEW DAWSON
ASSISTANT PROSECUTOR                  35 South Park Place
Post Office Box 1008                  Suite 10
123 East Chestnut Street              Newark, Ohio  43055
Lancaster, Ohio  43130

*Wise, J.*

{¶1} Appellant Jacob Fornshell appeals the decision of the Fairfield County Municipal Court, which denied his untimely motion to suppress evidence. The relevant facts leading to this appeal are as follows.

{¶2} On July 22, 2009, Officer David Thompson of the Lancaster Police Department made a traffic stop of a 2006 Chevrolet van being driven by appellant. The officer thereupon cited appellant for operating a motor vehicle under the influence of alcohol ("OMVI"). Appellant thereafter pled not guilty upon arraignment in the Fairfield County Municipal Court.

{¶3} The trial court originally set a hearing for August 28, 2009. On that date, appellant filed a motion for continuance, stating that he intended to obtain the assistance of counsel. The trial court granted same, and set the trial for November 4, 2009. The court thereafter sua sponte rescheduled the trial for January 4, 2010.

{¶4} On the day of trial, appellant, having been deployed by the United States Army for military service, failed to appear before the court. The trial court thereupon issued a bench warrant.

{¶5} Appellant thereafter obtained the services of his present counsel, who filed a request for discovery and a jury demand on June 30, 2010. The court subsequently removed the bench warrant, and a trial date was re-set for August 17, 2010. On July 30, 2010, appellant, via counsel, filed a motion for leave to file an untimely motion to suppress.

{¶6} On the trial date of August 17, 2010, the trial court denied appellant's motion for leave to file his untimely motion to suppress. At that point, appellant entered

a plea of no contest to the charge of OMVI. The trial court found appellant guilty and sentenced him, inter alia, to 180 days in jail, with 164 days suspended.

{¶7}  On September 13, 2010, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶8}  "I.  THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT'S MOTION TO SUPPRESS AS BEING FILED OUT OF RULE.

{¶9}  "II.  PREVIOUS COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO FILE A MOTION TO SUPPRESS EVIDENCE [AND] REVIEW THE PROPER BAC LOGS AND DVD."

I.

{¶10}  In his First Assignment of Error, appellant contends the trial court erred in denying his motion to suppress evidence on the grounds of untimeliness. We disagree.

{¶11}  Crim.R. 12(D) states: "All pretrial motions except as provided in Crim.R. 7(E) and 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."

{¶12}  A failure to timely file a motion to suppress evidence amounts to a waiver of any such issues for purposes of trial pursuant to Crim.R. 12(D) and (H). *State v. Montgomery*, Licking App.No. 2007 CA 95, 2008-Ohio-6077, ¶ 43, citing *State v. Wade* (1973), 53 Ohio St.2d 182, 373 N.E.2d 1244. The decision as to whether to permit leave to file an untimely motion to suppress is within the sound discretion of the trial court, and we will not reverse a trial court's decision regarding an untimely filed motion absent an abuse of discretion. Id., citing *State v. Rush*, Delaware App.No. 03CAC01002, 2003 WL

21694004, ¶ 7. The term "abuse of discretion" implies the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶13} In the case sub judice, appellant was arraigned on July 22, 2009. Thus, by the end of August 2009, appellant's opportunity to file a timely motion to suppress under Crim.R. 12(D) had already passed. However, even though appellant had more than two months before the first scheduled trial date of November 4, 2009 and another two months before the rescheduled trial date of January 4, 2010, appellant made no request to the court during this time for leave to file an untimely motion to suppress. When appellant finally did request such leave to file on July 30, 2010, he provided scant details as to his failure to maintain contact with the court during the months leading up to the January 2010 trial. Most notably, appellant never set forth the time parameters and nature of his armed forces deployment, nor did he provide basic documentation thereof, such that the impact of his military duties on his ability to file a suppression motion and appear for trial could be reviewed by the trial court.

{¶14} Appellant directs us to *State v. Robson*, 165 Ohio App.3d 621, 847 N.E.2d 1233 in support of reversal. In that case, the Fourth District Court of Appeals reversed a municipal court's decision to disallow an untimely motion to suppress. However, the Fourth District Court's decision was based on a determination that the trial court had acted unreasonably by scheduling a suppression hearing, having witnesses appear, and accepting testimony, but *then* finding that the motion was untimely filed and declining to address the merits of the suppression motion. See Id. at ¶ 1. Appellant herein concedes that *Robson* is distinguishable from the perspective that no hearing

was conducted in the case sub judice, but appellant maintains that the trial court's deferral on ruling on the untimely suppression request until the day of trial (August 17, 2010) was an unreasonable waste of counsels' and the court's time and resources.

**{¶15}** Upon review, we find appellant's reliance on *Robson* is unpersuasive, and based on our above analysis, we hold the trial court's decision to disallow appellant's untimely suppression motion was not unreasonable, arbitrary or unconscionable under the circumstances of this case.

**{¶16}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶17}** In his Second Assignment of Error, appellant contends he was denied the effective assistance of trial counsel in regard to his first attorney in 2009.

**{¶18}** This Court has previously addressed ineffective assistance claims upon appeal from a misdemeanor DUI conviction. See *State v. Moore*, Stark App.Nos. 2004CA00266, 2004CA00295, 2005-Ohio-2849. However, this Court is reluctant to attempt to redress an appellate argument seeking to demonstrate that a motion to suppress would have been granted by the trial court, where such an argument essentially speculates as to evidence dehors the record. See *State v. Jackson*, Stark App.No. 2005CA00198, 2006-Ohio-4453,¶ 27.

**{¶19}** In the case sub judice, appellant's present assertions that his original trial counsel should have reviewed and challenged technical aspects of the BAC Datamaster

results and related issues via a timely motion to suppress are effectively impossible to review under the limited record before us.[1]

**{¶20}** Appellant's Second Assignment of Error is therefore overruled.

**{¶21}** For the reasons stated in the foregoing opinion, the judgment of the Municipal Court, Fairfield County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0628

---

[1] In particular, we cannot rely on the photocopy of the Bureau of Alcohol and Drug Testing Instrument Site Inspection Report appellant has attached to his brief, as it was not attached to or referenced in appellant's trial court motions.

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                             :
                                          :
    Plaintiff-Appellee                    :
                                          :
-vs-                                      :              JUDGMENT ENTRY
                                          :
JACOB FORNSHELL                           :
                                          :
    Defendant-Appellant                   :              Case No. 10 CA 48


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____
                        JUDGES