[Cite as *State v. Cline*, 2013-Ohio-1404.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 12 CA 11 |
| TRISTA CLINE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Mount Vernon Municipal Court, Case Nos. 11 TRC 3560 and 11 CRB 870

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      April 8, 2013

APPEARANCES:

For Plaintiff-Appellee

WILLIAM D. SMITH
LAW DIRECTOR
P. ROBERT BROEREN, JR.
ASSISTANT PROSECUTOR
5 North Gay Street, Suite 222
Mount Vernon, Ohio  43050

For Defendant-Appellant

J. MATTHEW DAWSON
35 South Park Place
Suite 10
Newark, Ohio  43055

*Wise, J.*

**{¶1}** Defendant-appellant Trista Cline appeals her conviction on one count of Operating a Motor Vehicle While Under the Influence of Alcohol and/or a Drug of Abuse and one count of Endangering Children entered in the Mount Vernon Municipal Court following a jury trial.

**{¶2}** Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** On or about July 23, 2011, sometime after 6 p.m., Appellant Trista Cline drove to the Loft Bar in St. Louisville, Ohio, which was her mother Jackie Laughman's place of business. Appellant had her five year old son, Mason Rine, in the car with her. (T. at 109-110). While she was at the bar with Mason, Appellant came into contact with Winter Gleckler, a part-time employee of the bar. Ms. Gleckler testified that Appellant was "a little disoriented ... she didn't seem in the right state to like even have a full conversation." (T. at 111). Ms. Gleckler also smelled alcohol coming from Appellant. (T. at 111). Ms. Gleckler stated that she was concerned about Appellant and her son and attempted to keep them at the bar until Ms. Laughman arrived. (T. at 112).

**{¶4}** Appellant left the bar before her mother arrived. Once Ms. Laughman did arrive, Ms. Gleckler expressed her concerns and Ms. Laughman and Ms. Gleckler set out to find Appellant. (T. at 114). Ms. Laughman and Ms. Gleckler eventually located Appellant, and while they were following her, they observed Appellant driving erratically, even driving through a person's yard. (T. at 114-115). Ms. Gleckler was driving and Ms. Laughman tried to contact several different law enforcement agencies while they were driving.

{¶5}  After driving for a period of time, Appellant entered the City of Mount Vernon and pulled into the parking lot at Honey Bucket Bar on West High Street. (T. at 154). Ptl. Jessica Butler of the City of Mount Vernon, Ohio, Police Department had received a BOLO on Appellant, based on Ms. Laughlin's calls, and pulled in behind the Appellant at Honey Buckets. (T. at 153-154). When Ptl. Butler made contact with Appellant she initially smelled a strong odor of an alcoholic beverage on her breath, observed her glassy and blood shot eyes and noticed she appeared to be very disheveled and unsteady on her feet.  (T. at 154). She also observed that her speech was slurred. *Id.* Ptl. Butler also observed Mason Rine in the back seat of the car, along with one opened and one unopened beer in the front seat. (T. at 154). Based on her observations, Ptl. Butler conducted Standardized Field Sobriety tests on Appellant. Ptl. Butler observed 6 clues on the horizontal gaze nystagmus test, (T. at 159), 6 clues on the walk and turn test, (T. at 163), and the one-legged stand test was aborted because of concerns about Appellant's safety. (T. at 161). Ptl. Butler then arrested Appellant for Operating a Motor Vehicle Under the Influence of Alcohol and/or a Drug of Abuse, and transported her to the Office of the Knox County Sheriff so she could request Appellant to take a chemical breath test.

{¶6}  At the Office of the Knox County Sheriff, Ptl. Butler read the BMV 2255 form to Appellant and requested that she take a breath test. (T. at 166). When taking the test, Appellant "attempted to swallow the entire mouthpiece ... and then she began to blow, but she was actually spitting into the mouthpiece." (T. at 168).  After two attempts the test was marked as a refusal.  (T. at 169).

**{¶7}** On July 23, 2011, Appellant was arrested for Operating a Motor Vehicle Under the Influence of Alcohol and/or a Drug of Abuse and Endangering Children.

**{¶8}** On September 16, 2011, Appellant filed a Motion to Suppress but withdrew said motion on October 18, 2011.

**{¶9}** The case was tried to a jury on April 26, 2012, and the jury returned a guilty finding on both counts. The trial court ordered a pre-sentence investigation and the Defendant was sentenced on May 14, 2012.

**{¶10}** Appellant  now appeals, assigning the following errors for review:

<u>**ASSIGNMENTS OF ERROR**</u>

**{¶11}** "I. THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT THE RIGHT TO CROSS-EXAMINE THE COMPLAINING OFFICER ON HOW STANDARDIZED FIELD SOBRIETY TESTS WERE CONDUCTED ON THE DEFENDANT AFTER THE OFFICER HAD GIVEN DIRECT TESTIMONY ON THE PROCEDURES THAT WERE TAKEN THAT COULD HAVE LEAD [SIC] THE JURY TO AN ACQUITTAL.

**{¶12}** "II. THE TRIAL COURT ERRED IN EXCLUDING MATERIAL TESTIMONY AND EVIDENCE REGARDING THE MEANING/DEFINITION OF THE PRINTED RESULTS FROM THE BAC DATAMASTER FROM THE JURY THAT COULD HAVE LEAD (SIC) THE JURY TO AN ACQUITTAL."

**I.**

**{¶13}** In her First Assignment of Error, Appellant argues that the trial court erred in not allowing her to cross-examine the police officer about how she conducted the field sobriety tests.  We disagree.

{¶14} At trial, during cross-examination, Appellant attempted to use the National Highway Traffic Safety Manual to challenge Ptl. Butler's administration of the standardized field sobriety tests.

{¶15} Appellant failed to raise any challenges to Ptl. Butler's administration of the tests under the National Highway Traffic Safety Manual via a motion to suppress prior to trial, having withdrawn said motion prior to a hearing on the issues.

{¶16} This Court has previously held that failure to timely file a motion to suppress evidence amounts to a waiver of any such issues for purposes of trial pursuant to Crim.R. 12(D) and (H). *State v. Fornshell*, 5th Dist. App. No. 10 CA 48, 2011-Ohio-3560; *State v. Montgomery,* Licking App.No. 2007 CA 95, 2008–Ohio–6077, ¶ 43, citing *State v. Wade* (1973), 53 Ohio St.2d 182, 373 N.E.2d 1244.

{¶17} Here, during the trial, defense counsel attempted to use the NHTSA manual to impeach Ptl. Butler's testimony. Impeaching her testimony with the manual was tantamount to arguing that evidence with respect to Appellant's alleged intoxication was illegally obtained, and thus, the proper subject of a motion to suppress.

{¶18} The failure to file a motion to suppress constituted waiver of that issue.

{¶19} Appellant's First Assignment of Error is overruled.

**II.**

{¶20} In her Second Assignment of Error, Appellant argues the trial court erred in denying her the right to cross-examine Deputy Wilson on the BAC Datamaster Supervisor's guide. We disagree.

**{¶21}** At trial, the trial court sustained the State's objection to Appellant's use of the BAC Datamaster Supervisor's guide to challenge the officer's administration of the tests, including the definitions of certain error codes.

**{¶22}** Again, as set forth above, failure to timely file a motion to suppress evidence amounts to a waiver of any such issues for purposes of trial pursuant to Crim.R. 12(D) and (H). *State v. Fornshell*, 5th Dist. App. No. 10 CA 48, 2011-Ohio-3560.

**{¶23}** Additionally, no chemical results were produced in this case because after two unsuccessful attempts, Appellant's failure to successfully take the test was marked as a refusal. It therefore follows that the deputy's knowledge of error codes is not relevant to Appellant's refusal of the chemical test.

**{¶24}** Appellant's Second Assignment of Error is overruled.

**{¶25}** For the foregoing reasons, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is hereby affirmed.

By: Wise, J.

Delaney, P. J., and

Gwin, J., concur.

_____

_____

_____

JUDGES

JWW/d 0326

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TRISTA CLINE | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12 CA 11 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____

JUDGES