[Cite as *State v. Baker*, 2013-Ohio-3504.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 12CA17 |
| JESSE JAMES BAKER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case Nos 10CR103, 11CR2

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      August 9, 2013

APPEARANCES:

For Plaintiff-Appellee

STEVE KNOWLING
PROSECUTING ATTORNEY
SEAN M. WARNER
ASSISTANT PROSECUTOR
164 East Jackson Street
Millersburg, Ohio 44654

For Defendant-Appellant

DAVID M. HUNTER
244 West Main Street
Loudonville, Ohio 44842

*Wise, J.*

**{¶1}** Appellant Jesse James Baker appeals his convictions and sentences on several drug-related offenses in the Court of Common Pleas, Holmes County, following a prior remand from this Court. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

**{¶2}** On October 22, 2010, drug enforcement agents executed a search warrant for a camper, garage, and house on Township Road 212 in Washington Township, Holmes County. Based on evidence seized during the search and on the corresponding investigation, the Holmes County Grand Jury indicted appellant and a co-defendant in Case No. 10CR103 on November 23, 2010, on the following charges:

**{¶3}** Count I: Illegal Manufacture of Methamphetamine, in violation of R.C. 2925.04, a second degree felony;

**{¶4}** Count II: Illegal Assembly or Possession of Chemicals/Methamphetamine, in violation of R.C. 2925.041, a third degree felony;

**{¶5}** Count III: Aggravated Trafficking in Methamphetamine, in violation of R.C. 2925.03, a third degree felony;

**{¶6}** Count IV: Possession of Methamphetamine, in violation of R.C. 2925.11, a third degree felony;

**{¶7}** Count V: Possession of Heroin, in violation of R.C. 2925.11, a fifth degree felony;

**{¶8}** Count VI: Possession of Drug Paraphernalia, in violation of R.C. 2925.14, a fourth degree misdemeanor;

{¶9}    Count VII: Weapons Under Disability, in violation of R.C. 2923.13, a third degree felony.

{¶10} The indictment also contained a forfeiture specification and a firearm specification.

{¶11} On January 11, 2011, appellant was also indicted in Case No. 11CR002. This indictment contained one count of Illegal Manufacture of Methamphetamine, F-2, in violation of R.C. 2925.04, one count of Illegal Assembly, F-3, in violation of R.C. 2925.041, and one firearm specification assigned to both counts. The only difference between these counts and the first two counts in Case No. 10CR103 was concerning the dates of offense.

{¶12} On January 6, 2011, a pre-trial hearing was held. At this time the two cases were ordered joined for trial via a judgment entry dated January 14, 2011.

{¶13} On January 21, 2011, the trial court issued a judgment entry indicating the case had been scheduled for trial on January 6, 2011, but that two previous judges had abandoned the case due to conflicts of interest and/or scheduling, and the present judge on assignment was not able to conduct the expected 3–day trial due to its own docket conflicts in Wayne County, and was unable to do so until February 22, 2011. The trial court therefore ordered a continuance, citing R.C. 2945.72(H) as its basis.

{¶14} On January 26, 2011, upon motion by the State, the trial court amended Counts III and IV in Case No. 10CR103 from Felony-3 to Felony-4 offenses.

{¶15} On February 3, 2011, appellant filed a pro se Motion to Dismiss, based on a claim of violation of speedy trial rights.

{¶16} On February 17, 2011, appellant entered guilty pleas to Counts II, V, and VII of the original indictment described above. In addition, appellant pled guilty to the firearm specification, which carried a one-year mandatory prison sentence. Appellant further consented and stipulated to the property forfeiture specification contained in the indictment. The remaining counts in Case No. 10–CR–103, as well as the indictment in Case No. 11–CR–002, were dismissed.

{¶17} After his plea, the trial judge granted appellant an "O.R." bond with certain reporting conditions. Subsequently, a bench warrant was issued due to appellant's failure to comply with the reporting requirements of this bond.

{¶18} Appellant failed to appear at his March sentencing date. Appellant was eventually located in the State of Illinois and arrested. He appeared for sentencing in Holmes County on August 2, 2011.

{¶19} Prior to sentence being imposed, appellant moved to withdraw his guilty plea. The trial court, after conducting a hearing, denied the motion. The trial court then proceeded to sentence appellant. The original sentencing judgment entry was filed on August 3, 2011, followed by a nunc pro tunc sentencing entry on August 30, 2011, to correct the numbering of the counts to which appellant pled guilty.

{¶20} Appellant thereupon filed a notice of appeal to this Court. He challenged, inter alia, the trial court's denial of his motion to withdraw his guilty pleas. We concluded the trial court had abused its discretion in denying appellant's motion to withdraw his guilty pleas, and we vacated his convictions and sentences, finding his remaining assigned errors moot. The case was then remanded for further proceedings. *See State v. Baker*, Holmes App.No. 11 CA 16, 2012-Ohio-853.

{¶21} Upon remand, appellant filed a number of pro se motions, as further discussed infra. After obtaining new counsel, who obtained leave to consolidate the pro se motions, the trial court conducted a pre-trial hearing on September 6, 2012, following which the consolidated motions, including all motions to suppress, were overruled.

{¶22} On September 10, 2012, prior to the commencement of a jury trial, appellant and the State reached a plea deal. Pursuant to the plea agreement, appellant was to plead guilty to five counts: Illegal manufacture of methamphetamine in violation of R.C. 2925.04; illegal assembly or possession of chemicals for methamphetamine, with a firearm specification, in violation of R.C. 2925.041; possession of methamphetamine in violation of R.C. 2925.11; possession of heroin in violation of R.C. 2925.11; and, having a weapon under a disability in violation of R.C. 2923.13. *See* Tr., September 10, 2012, at 2-3. In exchange, the balance of the charges would be dismissed. The State further agreed to a "recommendation of five years, of which: counts eight and count two have a total mandatory of three and one years, four year mandatory." Tr. at 3. The State further agreed to "waive any fine and costs, on either of these two cases." Tr. at 3.

{¶23} The trial court issued a sentencing entry on October 18, 2012.

{¶24} On November 13, 2012, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶25} "I. THE TRIAL COURT ERRED IN HOLDING THAT DEFENDANT'S MOTION TO SUPPRESS EVIDENCE THAT WAS FILED ALLEGING A VIOLATION OF R.C. §2935.12, WAS NOT TIMELY FILED.

**{¶26}** "II. THE TRIAL COURT ERRED BY NOT INCORPORATING THE PLEA AGREEMENT OF THE PARTIES IN ITS SENTENCING ENTRY.

**{¶27}** "III. THE TRIAL COURT ERRED IN COMPUTING DEFENDANT'S JAIL TIME CREDIT PURSUANT TO R.C. §2949.08 AND R.C. §2967.191 BY ONLY GIVING DEFENDANT CREDIT FOR 355 DAYS."

I.

**{¶28}** In his First Assignment of Error, appellant contends the trial court erred in finding untimely his motion to suppress based on the "knock and announce" rule under R.C. 2935.12. We disagree.

**{¶29}** As an initial matter, we note that a plea of guilty, as occurred in this case, generally operates as a waiver of any alleged error regarding an appellant's motion to suppress. *See*, *e.g.*, *State v. Bump*, Ashtabula App.No. 2010–A–0028, 2011-Ohio-6687, ¶ 42, citing *State v. Elliott* (1993), 86 Ohio App.3d 792, 795. However, in the interest of justice, we will analyze the merits of appellant's first assigned error.

**{¶30}** Crim.R. 12(D) states: "All pretrial motions except as provided in Crim.R. 7(E) and 16(M) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."

**{¶31}** The decision as to whether to permit leave to file an untimely motion to suppress is within the sound discretion of the trial court, and we will not reverse a trial court's decision regarding an untimely filed motion absent an abuse of discretion. *State v. Fornshell*, Fairfield App.No. 10 CA 48, 2011-Ohio-3560, ¶ 12, (additional citations omitted). The term "abuse of discretion" implies the court's attitude is unreasonable,

arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

**{¶32}** In the case sub judice, appellant filed his pro se motion to suppress based on the knock and announce rule on June 13, 2012, well over a year after the first pre-trial in this matter. Appellant also filed several additional pro se motions during the summer of 2012, including a motion in limine, a request for discovery, a motion to dismiss on speedy trial grounds, and additional motions to suppress. The trial court scheduled a hearing on August 10, 2012 to consider all of appellant's pro se motions, which totaled about thirteen. After deciding to overrule appellant's attorney's motion to withdraw as counsel, and at the suggestion of the State, the court continued the hearing to afford appellant's counsel time to consolidate the motions. The trial court declined to dismiss any of appellant's pro se motions, telling appellant at the end of the August 10th hearing that he was "bending over backwards trying to give you every possible opportunity." Tr., August 10, 2012, at 14-15.

**{¶33}** Appellant's counsel, on August 31, 2012, re-filed appellant's pro se motions as a five-part motion, including issues of suppression. A non-evidentiary motions hearing was then conducted on September 6, 2012, at the conclusion of which the court orally held, inter alia: "And based upon my review *** that in consideration of the law cited [i]n the criminal rules in particular 12(D) and 41(D), the court finds that for the record all of the five consolidated motions contained in the August 31st filing of the defendant are overruled." Tr., September 6, 2012, at 13.

**{¶34}** Appellant presently maintains that by affording his counsel time to consolidate the motions in August 2012, the court essentially granted him leave to file a

renewed suppression motion, and that it was an abuse of discretion for the trial court to overrule the suppression motion on September 6, 2012, by simply referencing the time guidelines of Crim.R. 12(D). In support, appellant directs us to *State v. Robson,* 165 Ohio App.3d 621, 847 N.E.2d 1233. However, as we previously recognized in *Fornshell*, *supra*, while the Fourth District Court of Appeals in *Robson* reversed a municipal court's decision to disallow an untimely motion to suppress, " *** the Fourth District Court's decision was based on a determination that the trial court had acted unreasonably by scheduling a suppression hearing, having witnesses appear, and accepting testimony, but *then* finding that the motion was untimely filed and declining to address the merits of the suppression motion." *Fornshell* at ¶ 14. Although the prosecutor in the case sub judice indicated at the September 6, 2012 hearing that he had law enforcement officers "available" to testify regarding the suppression issues, no such testimony was taken on that date or thereafter. *See* Tr., September 6, 2012, at 9.

**{¶35}** Accordingly, we find appellant's reliance on *Robson* is unpersuasive, and upon review, we hold the trial court's decision to disallow appellant's untimely suppression motion was not unreasonable, arbitrary or unconscionable under the circumstances of this case.

**{¶36}** Appellant's First Assignment of Error is overruled.

II.

**{¶37}** In his Second Assignment of Error, appellant contends the trial court erred by not incorporating the parties' plea agreement as to fines and costs in the court's sentencing entry.

9

**{¶38}** Although the law favors settlements and their enforceability, trial courts are vested with discretion in implementing plea agreements. *See State v. Detter*, Morrow App.No. 06 CA 19, 2008-Ohio-102, ¶ 11 (additional citations omitted). In the case sub judice, the trial court stated on the record that " *** upon [appellant] being found guilty of those counts and the firearm spec and the dismissal of the other counts, withdrawal of the appeal [sic], there will be no fines and costs in this case." Tr., Sentencing Hearing, at 16. However, the trial court's written sentencing entry plainly orders appellant to pay fines and costs, as well as fees and expenses of court-appointed counsel. *See* Sentencing Entry at 5-6.

**{¶39}** Appellant indicates in his brief that he filed a motion in the trial court to correct the apparent clerical mistake, but the present appeal has now taken precedence. *See* Appellant's Brief at 10.

**{¶40}** We note that "*** Crim.R. 36 allows the court to correct clerical errors at any time, and a trial court's decision overruling a motion to correct a mere clerical error in calculating jail-time credit may be treated as a final appealable order in certain cases." *State v. Carter*, Mahoning App.No. 09 MA 10, 2009-Ohio-6251, ¶ 9, citing *State v. McLain,* Lucas App.No. L-07-1164, 2008-Ohio-481. Because the trial court in this instance has not yet had the opportunity to address appellant's request to correct the sentencing entry, we find appellant's Second Assignment of Error to be premature.

III.

**{¶41}** In his Third Assignment of Error, appellant contends the trial court erred in computing his jail-time credit pursuant to statute. We disagree.

**{¶42}** R.C. 2967.191 allows for a reduction of a prisoner's stated prison term by the number of days the prisoner was confined for any reason "arising out of the offense for which the prisoner was convicted and sentenced." Similarly, R.C. 2949.08(B) sets forth a reduction based upon the total number of days that the person was confined for any reason "arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer ***."

**{¶43}** It is undisputed that in a third case, Holmes County case number 11-CR-083, appellant was convicted on February 17, 2012 on two counts of failure to appear and was sentenced on that date to twenty months in prison.

**{¶44}** There also appears to be no dispute that appellant was entitled to at least 114 days credit for the time period of October 26, 2010 (date of original arrest) to February 17, 2011 (date of appellant fleeing while awaiting sentencing). However, appellant contends that he should also be entitled to another 446 days from June 21, 2011 (date of his arrest in Illinois) to September 10, 2012 (date of his sentencing in the case sub judice), for a total of 560 days.

**{¶45}** The trial court, in its calculation, allowed credit for 241 days beyond the first 114, representing the period from June 21, 2011 (date of appellant's arrest in Illinois) to February 17, 2012 (date of sentencing in case 11CR083), for a total of 355 days of credit.

**{¶46}** Because appellant's confinement after February 17, 2012 was related to offenses other than those for which he was convicted and sentenced in the present case (*see* R.C. 2967.191, *supra*), we find no error in the calculation of jail-time credit as urged by appellant.

{¶47} Appellant's Third Assignment of Error is overruled.

{¶48} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Holmes County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

/s/ John W. Wise_____
HON. JOHN W. WISE


/s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


/s/ Craig R. Baldwin_____
HON. CRAIG R. BALDWIN

JWW/d 0718

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                  :
                                               :
    Plaintiff-Appellee                     :
                                               :
-vs-                                           :              JUDGMENT ENTRY
                                               :
JESSE JAMES BAKER                              :
                                               :
    Defendant-Appellant                    :              Case No. 12CA17


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed.

Costs assessed to appellant.


/s/ John W. Wise_____
HON. JOHN W. WISE

/s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

/s/ Craig R. Baldwin_____
HON. CRAIG R. BALDWIN