[Cite as *State v. Justus*, 2016-Ohio-7078.]

STATE OF OHIO )  IN THE COURT OF APPEALS
)ss:  NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE )

STATE OF OHIO

Appellee

v.

ZACHARY G. JUSTUS

Appellant

C.A. No.    15AP0044

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    2015 TRC 6670

DECISION AND JOURNAL ENTRY

Dated: September 30, 2016

MOORE, Presiding Judge.

{¶1}  Defendant, Zachary G. Justus, appeals from his conviction in the Wayne County Municipal Court.  We reverse and remand this matter for further proceedings consistent with this decision.

I.

{¶2}  In the early morning hours of July 5, 2015, Officer Laskowski of the Wooster Police Department effectuated a traffic stop of Mr. Justus after the officer purportedly witnessed Mr. Justus commit marked lane violations.  In an affidavit of probable cause prepared by the officer, he maintained that, during the stop, Mr. Justus was slurring his speech, was uncooperative, and blew smoke from a cigarette into the officer's face.  The officer maintained that Mr. Justus would not listen to his instructions and smiled at him.  He then observed Mr. Justus use his arms for balance while exiting the car, and he staggered while walking.  When Mr. Justus refused to submit to field sobriety tests, the officer placed him under arrest.  The officer

cited Mr. Justus with OVI in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(2) along with failure to travel within marked lanes in violation of Wooster Codified Ordinance 331.08.

{¶3}    On July 7, 2015, Mr. Justus pleaded not guilty to the charges at his arraignment. On July 8, 2015, Mr. Justus requested discovery from the State.  The State responded on August 7, 2015, setting forth in part that a link to view video had been sent to defense counsel via email.

{¶4}    On August 12, 2015, another traffic citation was filed in the trial court relative to the July 5, 2015 stop.   This citation charged Mr. Justus with OVI in violation of R.C. 4511.19(A)(1)(f).  Mr. Justus pleaded not guilty to this charge on August 18, 2015.[1]

{¶5}    On August 25, 2015, Mr. Justus filed a motion to suppress evidence in which he alleged that the police lacked a reasonable suspicion to justify the officer's continued detention of Mr. Justus to request him to perform field sobriety tests.[2]  In the motion, Mr. Justus requested that, although the motion was not filed within the required time limits, the court accept the motion outside of the time limits and hold a hearing on the matter.  In support of permitting the time for filing the motion to be extended, defense counsel maintained that he had only recently met with Mr. Justus on August 12, 2015, that counsel did not receive discovery for this case until August 7, 2015, and that counsel had not yet received the video from the police cruiser.

{¶6}    The trial court construed Mr. Justus' motion as a combined motion for leave to file a motion to suppress and a motion to suppress.  The trial court denied Mr. Justus' motion for

---

[1] It appears that the trial court recorded the charge as a violation of R.C. 4511.19(A)(1)(h) on the journal entry reciting Mr. Justus' plea.  However, it appears that the charged offense as set forth on the traffic ticket was a violation of R.C. 4511.19(A)(1)(f), and this is the offense to which Mr. Justus ultimately pleaded no contest.

[2] Once within his motion, Mr. Justus refers to the officer requesting "Mr. Fulmer" to exit the vehicle to perform field sobriety tests.  The reference to "Mr. Fulmer" appears to be a clerical error, as the motion is filed in Mr. Justus' case and refers to the driver throughout the remainder of the motion as Mr. Justus.

leave. In its journal entry, the trial court referenced the affidavit of probable cause of Officer Laskowski, and it noted the conflicts between the affidavit and Mr. Justus' factual allegations surrounding the stop set forth in the motion to suppress. The trial court concluded that the argument presented on behalf of Mr. Justus did not, in the interest of justice, merit extending the time to file the motion to suppress. The trial court did not reference any of the reasons for delay cited by Mr. Justus.

{¶7}   Thereafter, upon the State's motion, the Court dismissed all of the original charges in exchange for Mr. Justus' plea to OVI in violation of R.C. 4511.19(A)(1)(f). Mr. Justus pleaded no contest to this charge. The trial court found Mr. Justus guilty and imposed sentence.

{¶8}   Mr. Justus timely appealed from the sentencing entry, and he now presents one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING [MR.] JUSTUS' REQUEST TO FILE A MOTION TO SUPPRESS OUTSIDE OF THE TIME ALLOTTED IN EVID.R. 12(C) AND SET A HEARING ON THE MATTER BECAUSE [MR.] JUSTUS OFFERED BOTH GOOD CAUSE FOR THE DELAY AND STATED FACTS WHICH, IF FOUND TO BE TRUE AT A HEARING, WOULD SUPPORT SUPPRESSION.

{¶9}   In his sole assignment of error, Mr. Justus maintains that the trial court abused its discretion in denying his request to file his motion to suppress outside of the prescribed time limitations, and by failing to hold a hearing on the motion to suppress.[3]

---

[3] Although Mr. Justus refers to "Evid.R. 12(C)" in his stated assignment of error, it is clear from the argument that his assignment of error pertains to Crim.R. 12(C), which is substantially similar to Traf.R. 11(C), which governs pretrial motions in traffic cases, such as

{¶10} Traf.R. 11(C) provides that "[a]ll pretrial motions, except as provided in Criminal Rule 16(M), shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court, in the interest of justice, may extend the time for making pre-plea or pretrial motions." "Failure by the defendant to raise defenses or objections or to make motions and requests which must be made prior to plea, trial, or at the time set by the court pursuant to subdivision (C), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for good cause shown may grant relief from the waiver." Traf.R. 11(F). "[W]hen a motion to suppress is filed out of the rule timelines, the movant must 'offer a convincing reason to warrant relief.'" *State v. Robson*, 165 Ohio App.3d 621, 2006-Ohio-628, ¶ 14 (4th Dist.) (discussing Crim.R. 12(D) and (H) which are substantially similar to Traf.R. 11(C) and (F)), quoting *State v. Phillips*, 74 Ohio St.3d 72 (1995).

{¶11} "The decision as to whether to permit leave to file an untimely motion to suppress is within the sound discretion of the trial court." *State v. Skorvanek*, 9th Dist. Lorain No. 07CA009229, 2008-Ohio-4937, ¶ 55, citing *Akron v. Milewski*, 21 Ohio App.3d 140, 142 (9th Dist.1985). An abuse of discretion implies that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). The trial court has no obligation to hold a hearing on an untimely motion to suppress. *State v. Rucci*, 7th Dist. Mahoning No. 13 MA 34, 2015-Ohio-1882, ¶ 49. Where a motion to suppress is properly before the court, "in order to require a hearing on [the] motion [], the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court

this. *See State v. Armes*, 9th Dist. Medina No. 15CA0022-M, 2016-Ohio-5087, ¶ 5, fn. 1; Traf.R. 2.

on notice of the issues to be decided." *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, ¶ 10, quoting *State v. Shindler*, 70 Ohio St.3d 54, 1994-Ohio-452, syllabus.

{¶12} Here, our review of the trial court's judgment is hindered because the trial court specifically stated that it was denying "leave" to file the motion. However, it did not reference whether there existed good cause for the delay in filing. Instead, the trial court considered at length the persuasiveness of the merits of Mr. Justus' motion to suppress. Although the basis of the suppression motion may affect the trial court's decision *as to whether the reasons advanced for the delayed filing* constitute good cause for the delay, here the trial court engaged in what amounted to a discussion of the merits of the suppression motion itself by indicating that the facts alleged in support of suppression conflicted with the officer's affidavit. *See* Traf.R. 11(F); *see also State v. Ross*, 9th Dist. Lorain No. 09CA009742, 2012-Ohio-536, ¶ 15 (rejecting defendant's argument that the "good cause shown" requirement of Crim.R. 12(H) pertains to the persuasiveness of a motion to dismiss on its merits without respect to whether leave is filed or an explanation for the delay provided).

{¶13} Because the court purported to deny leave to file the motion but focused on the factual inconsistencies between the allegations contained in the motion to suppress and the officer's probable cause affidavit, we are unable to discern whether the trial court found a convincing reason *for the delay* in filing the motion. We remand this matter to the trial court to clarify its holding with respect to leave to file the motion. We do not reach the issue of whether the motion to suppress itself warranted a hearing on its merits, as such a discussion would be premature prior to the trial court clarifying its decision as to whether to permit the filing of the motion out of time.

**{¶14}** Lastly, it appears that neither Mr. Justus nor the trial court differentiated between the timeliness of the motion with respect to the original charges and with respect to the August 8, 2015 OVI charge. Because this issue is not before us, we emphasize that we make no judgment as to whether the time for filing the motion to suppress was subject to tolling.

## II.

**{¶15}** Mr. Justus' sole assignment of error is sustained for the reasons set forth above. The judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

CHRISTINA I. REIHELD, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.