[Cite as *State v. Beal*, 2019-Ohio-2479.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 18CA0069-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RUSSELL W. BEAL | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 17CR1094 |

DECISION AND JOURNAL ENTRY

Dated: June 24, 2019

HENSAL, Judge.

{¶1} Russell Beal appeals the denial of his motion for leave to file motion to suppress and continue the trial in the Medina County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} A Brunswick police officer used file-sharing software to search for files known to contain child pornography. After he was able to download a number of those files from a particular internet protocol (IP) address, the grand jury issued a subpoena to a local internet service provider to obtain the name and address associated with the IP address. The results revealed that the IP address was linked to Mr. Beal's address in Medina. A detective went to the address and learned that Mr. Beal was the sole resident.

{¶3} The grand jury subsequently indicted Mr. Beal on three counts of pandering sexually oriented matter involving a minor. On the morning of trial, which was a Monday, Mr.

Beal moved for leave to file a motion to suppress and continue the trial based on the decision of the United States Supreme Court in *State v. Carpenter*, __ U.S. __, 138 S.Ct 2206 (2018), which had been announced the previous Friday. Following discussions about the decision, the trial court denied Mr. Beal's motion, concluding that *Carpenter* was not applicable to Mr. Beal's case. A jury found Mr. Beal guilty of the offenses, and the trial court sentenced him to three years imprisonment. Mr. Beal has appealed, assigning as error that the trial court abused its discretion when it denied his motion for leave.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ACTED ARBITRARILY AND CAPRICIOUSLY IN DENYING RUSSELL BEAL'S MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS WHEN COUNSEL SET FORTH A CONVINCING REASON TO WARRANT RELIEF.

{¶4} Mr. Beal argues that the trial court erred when it denied his motion for leave because, instead of addressing the timeliness of the motion and whether it set forth sufficient justification to warrant a hearing on a motion to suppress, it denied the motion based on its assessment that *Carpenter* did not apply to his case. Criminal Rule 12(D) provides that all pretrial motions shall be made within 35 days after arraignment or seven days before trial, whichever is earlier. It also provides that "[t]he court in the interest of justice may extend the time for making pretrial motions." Crim.R. 12(D). Criminal Rule 12(H), meanwhile, provides that, if a defendant fails to raise defenses or make requests that must be made at the time designated in Rule 12(D), they are waived. That rule also provides, however, that "the court for good cause shown may grant relief from the waiver." Crim.R. 12(H). Mr. Beal acknowledges that his motion was untimely but argues that he could not have filed a motion to suppress within the time designated by Rule 12(D) because *Carpenter* was decided only three days before his

trial. Whether to allow leave to file an untimely motion to suppress is within the discretion of the trial court, which this Court will not reverse absent an abuse of discretion. *State v. Justus*, 9th Dist. Wayne No. 15AP0044, 2016-Ohio-7078, ¶ 11; *State v. Lisle*, 9th Dist. Wayne No. 05CA0073, 2006-Ohio-3877, ¶ 12.

{¶5} Mr. Beal argues that the trial court did not go through the appropriate analysis in evaluating his motion for leave, pointing to this Court's decision in *Justus*. In that case, a police officer conducted a traffic stop after he observed Zachary Justus commit a marked lane violation. When the officer approached the vehicle, Mr. Justus's appearance and conduct made the officer suspect that he was intoxicated. When Mr. Justus refused to submit to field sobriety tests, the officer arrested him and cited him for operating a vehicle while under the influence.

{¶6} Mr. Justus pleaded not guilty and requested discovery from the State. He subsequently moved to suppress evidence from the stop, arguing that the officer lacked reasonable suspicion to prolong it. Although acknowledging that he had filed his motion beyond the 35-day time limit, he asked the court to accept the motion and hold a hearing on it. In support of his request, Mr. Justus explained that his counsel had only met him 13 days earlier, that he did not receive any discovery until 31 days after his arraignment, and that he had still not received a video recording of the stop from the officer's cruiser.

{¶7} The trial court construed Mr. Justus's motion as a combined motion for leave to file a motion to suppress and a motion to suppress. It denied his motion for leave, pointing to differences between the officer's affidavit of probable cause and Mr. Justus's factual allegations about the stop. It concluded that Mr. Justus's argument did not, in the interest of justice, merit extending the time to file a motion to suppress.

{¶8}    On appeal, this Court determined that its review of the trial court's decision was "hindered" because, although the court stated that it was denying leave to file the motion to suppress, it did not refer to whether there was good cause for Mr. Justus's delay in filing. *Justus*, 2016-Ohio-7078, at ¶ 12.  Instead, the trial court had considered the persuasiveness of the merits of the motion to suppress.  *Id*.  Although this Court acknowledged that the basis of a motion to suppress could affect whether the reasons for a delay in filing constituted good cause for the delay, the trial court had engaged in a discussion of the merits of the suppression motion itself by examining the conflict between Mr. Justus's allegations and the officer's affidavit.  *Id*.  Upon review of the record, this Court concluded that it was "unable to discern whether the trial court found a convincing reason *for the delay* in filing the motion." (Emphasis sic.)  *Id*. at ¶ 13.  It, therefore, remanded the matter to the trial court to clarify its holding with respect to leave to file the motion.  *Id*.  It declined to consider the merits of Mr. Justus's motion to suppress until the court clarified whether it would allow the filing of the motion out of time.  *Id*.

{¶9}    According to Mr. Beal, the same problem exists in this case.  He notes that he moved to continue the trial date and for leave to file a motion to suppress based on *Carpenter*, which he asserted was a landmark privacy case with implications that he had not been able to adequately explore yet.  He argues that when the court denied his motion, however, it focused on the merits of his arguments, concluding that *Carpenter* was not applicable to his case.  Mr. Beal argues that the trial court erred by failing to address the timeliness of his motion or whether he had set forth a convincing reason to warrant relief.  He also compares his case to *Carpenter*, noting that both deal with a governmental agency obtaining a defendant's location information from a third party without obtaining a warrant.  Mr. Beal requests that this Court reverse his

convictions and remand the matter to the trial court so that it can determine whether he set forth sufficient reasons to justify granting him leave to file a motion to suppress.

{¶10} Upon review of the record, we conclude that this case is different than *Justus*. Unlike in *Justus*, Mr. Beal did not file a motion to suppress, so the trial court could only have been deciding his motion for leave. Thus, there is no uncertainty about whether the court evaluated whether to grant leave before moving onto the merits of an underlying motion to suppress. In addition, it was reasonable for the trial court to consider the applicability of *Carpenter* to Mr. Beal's case in determining whether it would be in the "interest of justice" to extend his time to file a motion to suppress. *See id*. at ¶ 12. Furthermore, just because the United States Supreme Court did not decide *Carpenter* until three days before his trial does not mean that Mr. Beal could not have argued that he had a reasonable expectation of privacy in his internet service provider's records within the time permitted under Rule 12(D). *Carpenter* did not overturn any established Supreme Court precedent, it only applied the Fourth Amendment to "a new phenomenon[.]" *Carpenter*, __ U.S. __, 238 S.Ct 2206, at 2216. We, therefore, conclude that the trial court exercised appropriate discretion when it denied Mr. Beal's motion for leave to file motion to suppress and continue the trial. Mr. Beal's assignment of error is overruled.

III.

{¶11} Mr. Beal's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.


APPEARANCES:

DAVID C. SHELDON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.