DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Amanda Lisle, appeals from the decision of the Wayne County Court of Common Pleas which denied her motion to suppress. This Court affirms.
 I. {¶ 2} On February 16, 2005, appellant was indicted on three counts of aggravated possession of drugs in violation of R.C.2925.11. On March 9, 2005, appellant was arraigned on each of the charges. The charges against appellant resulted from a traffic stop on January 23, 2005. A Doylestown police officer pulled appellant over for a license plate violation. The officer then utilized a drug dog to perform a sniff of the car. The officer's report noted that the dog alerted on both sides of the vehicle. The officer then searched the vehicle and discovered illegal drugs.
 {¶ 3} On July 19, 2005, appellant moved to suppress the evidence against her, alleging it was the result of an illegal search. The trial court denied appellant's motion as untimely. Thereafter, appellant pled no contest to two counts of aggravated possession of drugs and the State dismissed the remaining count in the indictment. The trial court accepted appellant's no contest plea, found her guilty, and sentenced her accordingly. Appellant timely appealed the trial court's judgment, raising two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"TRIAL COUNSEL DENIED APPELLANT THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ART. I, SECTION 10 OF OHIO'S CONSTITUTION, WHEN SHE FAILED TO TIMELY FILE A MOTION TO SUPPRESS."
 {¶ 4} In her first assignment of error, appellant contends that her trial counsel was ineffective. Specifically, appellant asserts that her trial counsel erred when she failed to timely file a motion to suppress. This Court disagrees.
 {¶ 5} A criminal defendant is guaranteed a right to the effective assistance of counsel by the Sixth Amendment. SeeMcMann v. Richardson (1970), 397 U.S. 759, 771. This Court employs a two-step process determining whether the right to effective counsel has been violated:
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984),466 U.S. 668, 687.
These elements need not be addressed in any particular order; if this Court concludes that prejudice to the defendant did not result from defense counsel's actions or omissions, then we need not address whether counsel's actions or omissions were actually deficient. See State v. Bradley (1989), 42 Ohio St.3d 136, 143.
 {¶ 6} On appeal, appellant has challenged her counsel's failure to timely file a motion to suppress. The "[f]ailure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted." Akron v. Buchwald, 9th Dist. No. 21433, 2003-Ohio-5044, at ¶ 12. Upon review of the record, this Court cannot say that appellant's motion to suppress would have been granted.
 {¶ 7} Initially, we note that the sole "evidence" before this Court and the trial court consists of the factual allegations made in appellant's motion to suppress. Having found in response to appellant's second assignment of error that the trial court did not err in denying the motion as untimely, any deficiencies in the record must be borne by appellant.[1]
 {¶ 8} In his report, the arresting officer indicated that his canine alerted on both sides of appellant's vehicle. "[O]nce a trained drug dog alerts to the odor of drugs from a lawfully detained vehicle, an officer has probable cause to search the vehicle for contraband." State v. Carlson (1995),102 Ohio App.3d 585, 600, citing State v. Shook (June 15, 1994), 9th Dist. No. 93CA005716. In an attempt to avoid the application of this rule, appellant argued in her motion to suppress that the drug dog did not alert and that the drug dog was not reliable. Neither assertion is supported by the record.
 {¶ 9} Appellant offered no evidence in the trial court to support her conclusion that the drug dog did not alert on her vehicle. Additionally, the record does not demonstrate that the drug dog is unreliable. In support of her claim, appellant asserted that while her stop was not videotaped, an earlier stop was captured on videotape. Appellant argues that the canine did not alert on the vehicle during the earlier stop, but the vehicle was still searched. Appellant concludes that the canine, therefore, must be unreliable.
 {¶ 10} Appellant's theory, however, encompasses nothing more than speculation. There is no evidence that drugs were recovered during the earlier stop, i.e., there is no evidence that the canine failed to alert on a vehicle that contained drugs. Furthermore, there is no indication that the earlier canine sniff played any role in the officer's decision to search that vehicle. The videotape of the earlier stop, absent other evidence, offers no support for appellant's position that the canine was unreliable. Accordingly, the evidence before the trial court indicated that a canine alerted to drugs in appellant's vehicle. Drugs, in turn, were found in that vehicle. Thus, with respect to the search of appellant's vehicle, the canine proved to be reliable. As appellant offered no evidence to demonstrate that the canine failed to alert or was unreliable, the officer had probable cause to perform his search. Carlson,102 Ohio App.3d at 600. As appellant has not demonstrated that a timely motion to suppress would have been granted, she cannot satisfy the prejudice prong of Strickland. Buchwald at ¶ 12. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT, OR AT LEAST HOLD A HEARING ON, APPELLANT'S MOTION TO SUPPRESS, WHICH WAS FILED TWENTY-TWO DAYS BEFORE TRIAL, AND IT WAS IN THE INTEREST OF JUSTICE TO EXTEND THE FILING OF PRETRAIL (sic) MOTIONS."
 {¶ 11} In her second assignment of error, appellant asserts that the trial court abused its discretion when it failed to consider on the merits her motion to suppress. This Court disagrees.
 {¶ 12} A motion to suppress must be filed with the trial court within the earlier of thirty-five days following arraignment or seven days before trial, although the court may extend the period for filing if necessary in the interest of justice. Crim.R. 12(C)-(D). This Court will not reverse a trial court's decision denying leave to file an untimely motion to suppress absent an abuse of discretion. State v. Overholt (Aug. 18, 1999), 9th Dist. No. 2905-M. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} Appellant was arraigned on March 9, 2005. Accordingly, the deadline for filing her motion to suppress was April 13, 2005. Appellant did not file her motion until July 19, 2005, more than ninety days past the deadline established by Crim.R. 12(D).
 {¶ 14} Initially, we note that appellant did not seek leave to file an untimely motion to suppress. Assuming arguendo, however, that her motion to suppress also served as a request for leave to file the motion itself, appellant's claims must fail. In the trial court, appellant offered no explanation for the delay in filing the motion. The record reflects that appellant demanded discovery from the State and received discovery on March 31, 2005. Accordingly, appellant "had full knowledge of the surrounding facts and circumstances pertaining to [her] case within the time requirements of Crim.R. 12(D)." State v.Hoover, 9th Dist. No. 02CA0056, 2003-Ohio-2344, at ¶ 6, citingOverholt, supra. There is nothing in the record to indicate that appellant was hindered in any manner in preparing the motion to suppress.
 {¶ 15} Furthermore, on appeal, appellant has not alleged any cause for her delay in filing. In her brief, appellant asserts that "[t]he interest of justice requires that the court have at least a hearing to determine whether there exist circumstances requiring an extension of the filing deadline." Appellant offers no support for her position and this Court has found no authority for the proposition that the trial court is required to sua sponte inquire as to whether or not there exist circumstances to extend the deadline established by Crim.R. 12(D). Rather, this Court has consistently found that it is the defendant who must demonstrate good cause for an untimely filing. See Hoover at ¶ 6; Overholt, supra. Appellant failed to demonstrate or even allege good cause for her untimely filing. The trial court, therefore, did not abuse its discretion in denying appellant's motion as untimely. Appellant's second assignment of error is overruled.
 III. {¶ 16} Appellant's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J. Whitmore, J. concur.
[1] When the trial court denied appellant's motion, she was not given a hearing. As this Court finds below that the denial of the motion as untimely was proper, the lack of evidence in the record is not the result of trial court error and in no manner alleviates the burden placed on appellant by App.R. 16(A)(7).