[Cite as *State v. Armes*, 2016-Ohio-5087.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 15CA0022-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BO ARMES | | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 14 TRC 07728 |

DECISION AND JOURNAL ENTRY

Dated: July 25, 2016

HENSAL, Judge.

{¶1} Bo Armes appeals a judgment entry of the Medina Municipal Court that denied his motion to suppress. For the following reasons, this Court affirms.

I.

{¶2} On November 27, 2014, a state trooper ticketed Mr. Armes for operating a vehicle under the influence. After the municipal court initially set his trial for January 2, 2015, Mr. Armes moved to continue it, asserting that he needed additional time to conduct discovery. The court granted his motion, and rescheduled the trial for January 30. When Mr. Armes needed even more time for discovery, he filed another motion to continue, which the court granted. It rescheduled his trial for February 13.

{¶3} On February 6, Mr. Armes moved to suppress the evidence against him, arguing that the trooper had no lawful reason to stop him and have him perform field sobriety tests. The State objected, arguing that Mr. Armes failed to file his motion to suppress in the required time.

In reply, Mr. Armes argued that his motion was consistent with the "spirit" of the rule, noting that he had explained in his motions to continue that he was asking for those continuances so that he could obtain the additional discovery that he needed to file a motion to suppress. He also noted that the trial court could hear his motion in the interest of justice. The municipal court denied Mr. Armes's motion to suppress as untimely, however, noting that Mr. Armes had not requested leave to file his motion late. Mr. Armes's subsequently pleaded no contest to the offense. The municipal court found him guilty and sentenced him to 10 days in jail. Mr. Armes has appealed, assigning as error that the municipal court incorrectly denied his motion to suppress.

## II.

## ASSIGNMENT OF ERROR

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT'S MOTION TO SUPPRESS WITHOUT A HEARING.

{¶4} Mr. Armes argues that the municipal court abused its discretion when it denied his motion to suppress. He argues that he filed his motion expeditiously after receiving the discovery materials the State had not provided to him. He also contends that he included in his prior motions to continue an explanation that the reason he was asking for those continuances was so that he could file a motion to suppress after receiving additional discovery.

{¶5} Traffic Rule 11(C)[1] provides that pretrial motions "shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court, in the interest of justice, may extend the time for making * * * pretrial motions." "A defendant's

---

[1] Although the parties cited to Criminal Rule 12 in their arguments to the trial court and their appellate briefs, we conclude that the traffic rules apply to this case. Traf.R. 2. The rules contain equivalent, if not identical, language regarding the timing of pretrial motions.

failure to timely file a motion to suppress results in waiver of that issue, 'but the court for good cause shown may grant relief from the waiver.'" *State v. Skorvanek*, 9th Dist. Lorain No. 07CA009229, 2008-Ohio-4937, ¶ 55, quoting Crim.R. 12(H); *see also* Traf.R. 11(F). "The decision as to whether to permit leave to file an untimely motion to suppress is within the sound discretion of the trial court." *Id*. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, ¶ 34. "Abuse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." *Id*.

{¶6} Upon review of the record, we cannot conclude that the municipal court abused its discretion. Although Mr. Armes was aware that, because of his difficulty in obtaining discovery, he would not be able to file a motion to suppress within the required time frame, he did not seek leave of the court for an extension of time. Instead, he waited until the State opposed his motion to suppress to argue that the court should grant an exception to the deadline in the interest of justice. Mr. Armes's assignment of error is overruled.

III.

{¶7} The municipal court did not abuse its discretion when it declined to consider Mr. Armes's untimely motion to suppress. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶8} I respectfully dissent as, in my opinion, the trial court implicitly approved the untimely filing of a motion to suppress. The trial court granted two continuances of the trial date in order for Armes to obtain discovery from the State to file a motion to suppress.

APPEARANCES:

MYRON P. WATSON, Attorney at Law, for Appellant.

GREGORY A. HUBER, Prosecuting Attorney, for Appellee.