[Cite as *State v. Armes*, 2017-Ohio-7011.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA )

STATE OF OHIO C.A. No. 16CA0074-M

    Appellee

    v. APPEAL FROM JUDGMENT
ENTERED IN THE
BO ARMES MEDINA MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
    Appellant CASE No. 14TRC07728

DECISION AND JOURNAL ENTRY

Dated: July 31, 2017

---

HENSAL, Presiding Judge.

{¶1} Bo Armes appeals his sentence for operating under the influence of alcohol from the Medina Municipal Court. For the following reasons, this Court affirms.

I.

{¶2} In 2015, Mr. Armes pleaded no contest to one count of operating under the influence of alcohol under Revised Code Section 4511.19(A)(1)(h). The municipal court found him guilty of the offense and sentenced him to 11 days in jail. Mr. Armes appealed, arguing that the municipal court incorrectly denied a motion to suppress he had filed. The court stayed Mr. Armes's sentence during the appeal, but this Court upheld its ruling on the motion. *State v. Armes*, 9th Dist. Medina No. 15CA0022-M, 2016-Ohio-5087. Following this Court's decision, the municipal court scheduled a status conference. At the conference, the court stated that they were there for Mr. Armes's sentencing. When Mr. Armes's counsel noted that Mr. Armes had already been sentenced, the court explained that it had determined that it had incorrectly imposed

a sentence that was less than the statutory minimum of 20 days. It, therefore, considered the sentence void, and determined that Mr. Armes had to be resentenced. It proceeded to sentence him to 21 days in jail. Mr. Armes has appealed, arguing that the municipal court incorrectly increased his jail time without a remand instruction from this Court.

II.

ASSIGNMENT OF ERROR

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY RESENTENCING THE DEFENDANT TO AN INCREASED JAIL SENTENCE WITHOUT A REMAND ORDER FROM THE COURT OF APPEALS.

{¶3} Mr. Armes argues that the municipal court did not have authority to resentence him under the doctrine of res judicata. He also argues that his notice of appeal divested the municipal court of jurisdiction over his case and that jurisdiction was not returned to that court by an order of remand. *See State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978) ("[T]he trial court lost its jurisdiction when the appeal was taken, and, absent a remand, it did not regain jurisdiction subsequent to the Court of Appeals' decision.").

{¶4} The State argues that the municipal court had authority to resentence Mr. Armes because the original sentence did not comply with statutory mandates and, therefore, was void. In *State v. Beasley*, 14 Ohio St.3d 74 (1984), the Ohio Supreme Court addressed a situation in which the trial court imposed a sentence that was less severe than the statutory minimum and later corrected the sentence. The Supreme Court explained that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *Id.* at 75; *Colegrove v. Burns*, 175 Ohio St. 437, 438 (1964) ("A court has no power to substitute a different sentence for that provided by statute or one that is greater or lesser

than that provided for by law.") It, therefore, held that the correction of the statutorily incorrect sentence did not violate Mr. Beasley's right to be free from double jeopardy. *Beasley* at 76. The Ohio Supreme Court has also held that the doctrine of res judicata does not preclude review of a void sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph three of the syllabus.

{¶5} At his original sentencing hearing, Mr. Armes did not dispute that his operating-under-the-influence offense was his second such offense within six years. Section 4511.19(G)(1)(b)(ii) provides that, if a sentence is being imposed for a violation of Section 4511.19(A)(1)(h) and the offender was previously convicted of the same or an equivalent offense within ten years, the court shall sentence the offender to "a mandatory jail term of twenty consecutive days." It may also impose a jail term in addition to the mandatory term, so long as the cumulative jail term does not exceed six months. R.C. 4511.19(G)(1)(b)(ii).

{¶6} The municipal court's original 11-day jail term was less than the statutory minimum for Mr. Armes's offense. The court, therefore, did not err when it vacated the sentence sua sponte, and it correctly resentenced Mr. Armes to a jail term within the appropriate range. Mr. Armes's assignment of error is overruled.

III.

{¶7} Mr. Armes's assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

4

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MYRON P. WATSON, Attorney at Law, for Appellant.

GREGORY A. HUBER, Prosecuting Attorney, for Appellee.