[Cite as *State v. Jenny*, 2019-Ohio-1491.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 18CA0041-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DONALD LEE JENNY, JR. | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 18 TRC 00443 |

DECISION AND JOURNAL ENTRY

Dated: April 22, 2019

TEODOSIO, Presiding Judge.

{¶1} Defendant-Appellant, Donald Jenny, Jr., appeals from the judgment of the Medina Municipal Court, denying his motion to suppress as untimely. This Court affirms.

I.

{¶2} Mr. Jenny was involved in a single vehicle crash on Lafayette Road. As a result of the crash, he was charged with one count of operating a vehicle while under the influence of alcohol and one count of failure to control. His arraignment was continued so that he could procure counsel, and a public defender later entered a not guilty plea on his behalf.

{¶3} More than 35 days after he entered his not guilty plea, Mr. Jenny filed a motion to suppress. The State opposed the motion on the basis that it was untimely, and, in response, Mr. Jenny asked the court for a filing extension. The trial court considered Mr. Jenny's request for leave to file, but ultimately denied the motion to suppress as untimely. Though the court allowed Mr. Jenny to file a motion to reconsider, it likewise denied that motion. The court concluded that

the motion to suppress was untimely and Mr. Jenny had failed to set forth good cause to excuse its late filing.

{¶4}    Following the court's denial of his motion for reconsideration, Mr. Jenny pleaded no contest to both of his charges.  The court sentenced him to jail, a fine, and a license suspension. Upon request, however, the court stayed his sentence so that he could pursue his appeal.

{¶5}    Mr. Jenny now appeals from the trial court's denial of his motion to suppress and raises two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS AS BEING UNTIMELY FILED, WHERE (1) NO ARRAIGNMENT HEARING WAS EVER HELD; (2) THE MOTION TO SUPPRESS WAS FILED FOUR WEEKS BEFORE THE SCHEDULED TRIAL DATE; (3) THE STATE OF OHIO DID NOT ALLEGE IN ITS WRITTEN OBJECTION TO THE MOTION TO SUPPRESS THAT IT WOULD BE PREJUDICED IN ANY WAY BY THE ALLEGEDLY UNTIMELY FILING; AND (4) THE DEFENDANT-APPELLANT FILED A RESPONSE TO THE STATE'S OBJECTION, REQUESTING AN EXTENSION OF TIME TO FILE HIS MOTION TO SUPPRESS IN THE INTEREST OF JUSTICE AND EXPLAINING THE REASON FOR THE ALLEGEDLY DELAYED FILING, BEFORE THE TRIAL COURT FILED ITS JUDGMENT ENTRY DENYING THE MOTION TO SUPPRESS WITHOUT A HEARING.

{¶6}    In his first assignment of error, Mr. Jenny argues that the trial court erred when it denied his motion to suppress on the basis that it was untimely.  He argues that, in the interests of justice, the court ought to have granted his request for leave to file and heard his motion on its merits.  Upon review, we do not agree that the trial court erred when it denied Mr. Jenny's motion as untimely.

{¶7}    "A motion to suppress must be filed within thirty-five days after arraignment unless a trial court extends that time period in the interest of justice or grants relief from it for good cause

shown." *State v. Woodson*, 9th Dist. Wayne No. 07CA0044, 2008-Ohio-1469, ¶ 10, citing Crim.R. 12(D), (H). It is the defendant's burden to "demonstrat[e]'good cause' to excuse the late filing." *In re McCall*, 9th Dist. Summit No. 20455, 2001 WL 755127, *2 (July 5, 2001). "This Court will not reverse a trial court's decision denying leave to file an untimely motion to suppress absent an abuse of discretion." *State v. Lisle*, 9th Dist. Wayne No. 05CA0073, 2006-Ohio-3877, ¶ 12. An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Mr. Jenny was never formally arraigned in open court. The court continued his arraignment so that he could procure counsel. Prior to the date secured for the arraignment, his new counsel filed a notice of appearance wherein he also entered a not guilty plea on Mr. Jenny's behalf and waived the reading of the charges. In light of that filing, the court set the matter for trial.

{¶9} Mr. Jenny's first argument on appeal is that, because he was never arraigned, the 35-day time limit set forth in Crim.R. 12(D) never began to run. The record reflects, however, that Mr. Jenny never raised this argument in the lower court. *See State v. Tyburski*, 9th Dist. Lorain No. 18CA011291, 2018-Ohio-4248, ¶ 14 ("This Court will not address new arguments for the first time on appeal."). Indeed, in both his response to the State's objection to his motion to suppress and his motion for reconsideration, he conceded that Crim.R. 12(D)'s time limit had expired. Mr. Jenny may not now reverse course and argue, for the first time, that the 35-day time limit never commenced. *See id.*

{¶10} When Mr. Jenny filed his motion to suppress beyond the 35-day time limit set forth in Crim.R. 12(D), he made no attempt to address its untimeliness. Only after the State objected to his motion on the basis that it was untimely did he seek a filing extension. Mr. Jenny requested

the extension due to understaffing at the public defender's office. His counsel asserted that the current size of his caseload had rendered him unable to review discovery and file the motion to suppress before the expiration of the filing deadline. Likewise, when asking the court to reconsider its ruling, counsel cited his substantial caseload. He also argued that the State had made no attempt to explain how it would suffer prejudice if the court granted him an extension.

{¶11} The trial court denied Mr. Jenny's request for a filing extension because it determined that he had failed to set forth good cause to excuse the late filing. The court noted that defense counsel had received the State's discovery packet almost two weeks before the 35-day time limit was set to expire. Even if counsel found himself unable to file the motion to suppress in a timely manner, the court reasoned, he had the ability to file a motion for an extension within that timeframe. The court found that counsel waited until the State objected to seek an extension and never explained why he had failed to seek an extension before that point in time. Because Mr. Jenny failed to demonstrate good cause to justify the delay in his filing, the court denied his motion as untimely.

{¶12} Having reviewed the record, we cannot conclude that the court abused its discretion when it denied Mr. Jenny's motion as untimely. *See Lisle*, 2006-Ohio-3877, at ¶ 12. Mr. Jenny never moved for a filing extension before the 35-day time limit expired, and he failed to explain in his original motion to suppress why it was being untimely filed. *See State v. Straub*, 9th Dist. Medina No. 1714, 1988 WL 104402, *1 (Oct. 5, 1988). While we are not unsympathetic to the demands of his counsel's caseload, counsel was aware of those demands before the 35-day time limit expired. *See State v. Pelsozy*, 9th Dist. Summit No. 23297, 2007-Ohio-148, ¶ 8. He nevertheless failed to seek a filing extension before time expired and "waited until the State opposed his motion to suppress to argue that the court should grant an exception to the deadline in

the interest of justice." *State v. Armes*, 9th Dist. Medina No. 15CA0022-M, 2016-Ohio-5087, ¶ 6. Though Mr. Jenny faults the State for not explaining how it would be prejudiced by a filing extension, it was *his* burden to "demonstrat[e] 'good cause' to excuse the late filing." *In re McCall*, 2001 WL 755127, at *2. The record reflects that the trial court acted within its sound discretion when it concluded that he failed to satisfy his burden. *See Armes* at ¶ 6; *Straub* at *1. As such, Mr. Jenny's first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

> DEFENDANT-APPELLANT'S TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, BY FAILING TO TIMELY FILE A LIKELY-DISPOSITIVE MOTION TO SUPPRESS IN APPELLANT'S OVI CASE, WHICH RESULTED IN DISMISSAL OF THAT MOTION BY THE TRIAL COURT WITHOUT A HEARING AND WAIVER OF THE SUPPRESSION ISSUES RAISED.

{¶13} In his second assignment of error, Mr. Jenny argues that he received ineffective assistance of counsel because his counsel failed to timely file his motion to suppress. Upon review, we cannot conclude that Mr. Jenny has demonstrated ineffective assistance of counsel.

{¶14} To prove ineffective assistance of counsel, one must establish that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Prejudice can be shown by proving "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of the syllabus. In the context of a motion to suppress, prejudice will lie only if the defendant shows "that there was a reasonable probability [] the motion to suppress would have been granted." *State v. Kendall*, 9th Dist. Summit No. 25721, 2012-Ohio-1172, ¶ 7.

**{¶15}** Mr. Jenny argues that, had his counsel filed a timely motion to suppress, the motion likely would have succeeded on its merits. In support of his argument, he offers an explanation of the facts underlying this matter. No sworn testimony was ever taken in this case, however, as Mr. Jenny pleaded no contest in the absence of a suppression hearing. "Because we do not know what credible evidence would have been presented at a suppression hearing, Mr. [Jenny] cannot show that he was prejudiced by his lawyer's decision not to file a motion to suppress." *State v. Davis*, 9th Dist. Summit No. 25680, 2012-Ohio-788, ¶ 10.

> Ordinarily, the types of arguments raised by [Mr. Jenny] could be raised in a petition for postconviction relief, which permits the petitioner in felony cases to establish a complete record related to the alleged ineffective assistance of counsel; however, because [Mr. Jenny's] conviction arises from municipal court proceedings, postconviction relief is not available to [him]. *See* [*State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶ 5]. "Nonetheless, because [his] arguments rely on evidence outside the record, they are inappropriate for consideration on direct appeal, and [his] assignment of error must be overruled on that basis." *Id.*

*State v. Buzek*, 9th Dist. Medina No. 14CA0011-M, 2015-Ohio-4416, ¶ 8. Because Mr. Jenny cannot demonstrate prejudice as a result of his counsel's failure to file a timely motion to suppress, his second assignment of error is overruled.

## III.

**{¶16}** Mr. Jenny's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
DISSENTING.

{¶17} I respectfully dissent. Traf.R. 11(C) provides that pretrial motions "shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier."[1] Notably, Traf.R. 11(C) further provides that the court may extend the time for making pretrial motions "in the interest of justice[.]" *Id*.

---

[1] This Court has noted that while Traf.R. 11(C) and Crim.R. 12(D) contain equivalent language regarding the filing of pretrial motions, Traf.R. 11(C) should be applied in traffic cases. *State v. Armes*, 9th Dist. Medina No. 15CA0022-M, 2016-Ohio-5087, ¶ 5, fn 1.

{¶18} Under the circumstances of this case, the interest of justice required the trial court to extend the timeframe for filing a motion to suppress and the failure to do so constituted an abuse of discretion. After waiving his right to a speedy trial, Jenny filed his motion to suppress one week late. When the State objected on the basis that the motion was untimely, Jenny filed a response requesting that the trial court extend time in the interest of justice. In support of his request, Jenny noted that the Medina County Public Defender Office was understaffed and that defense counsel was covering a caseload that was previously handled by two attorneys. In addition to defense counsel's high case volume, discovery was not completed until February 14, 2018, well into the 35-day window for filing pretrial motions. While the trial court certainly had authority to consider the motion under Traf.R. 11(C), a review of the trial court's journal entry denying the motion for reconsideration suggests that the trial court may have concluded that it was prohibited from granting the motion under this Court's precedent. I would sustain Jenny's first assignment of error as there was no compelling reason to proceed in haste given the lack of any indication that the State would have been prejudiced.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

GREGORY A. HUBER, Prosecuting Attorney, for Appellee.