[Cite as *State v. Bardwell-Patino*, 2021-Ohio-2048.]

STATE OF OHIO   )    IN THE COURT OF APPEALS
         )ss:    NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA  )

STATE OF OHIO        C.A. No.  20CA0043-M

  Appellee

  v.            APPEAL FROM JUDGMENT
              ENTERED IN THE
DANIELLE BARDWELL-PATINO   MEDINA MUNICIPAL COURT
              COUNTY OF MEDINA, OHIO
  Appellant       CASE No.  20TRD01749

DECISION AND JOURNAL ENTRY

Dated: June 21, 2021

TEODOSIO, Judge.

{¶1} Defendant-Appellant, Danielle Bardwell-Patino, appeals from the judgment of the Medina Municipal Court. This Court affirms in part, reverses in part, and remands this matter for further proceedings.

I.

{¶2} On February 24, 2020, Ms. Bardwell-Patino was cited for speeding, a minor misdemeanor. Her citation was filed in the Medina Municipal Court, and a trial before a magistrate was scheduled for March 25, 2020. Before the trial could occur, a public health emergency was declared due to Covid-19. The Medina Municipal Court issued an administrative order postponing all minor misdemeanor trials "until or after 4/27/20." In accordance with that order, Ms. Bardwell-Patino's trial was continued until April 27, 2020.

{¶3} On April 8, 2020, the State filed a pretrial agreement, indicating that the parties had reached a plea agreement by phone. The pretrial agreement set forth the terms of the plea and the

State's sentencing recommendation. It also provided that Ms. Bardwell-Patino agreed to waive her speedy trial rights and accept the resolution detailed therein. Based on the pretrial agreement, the scheduled trial was converted to a change of plea hearing before a magistrate.

{¶4} Ms. Bardwell-Patino appeared for the change of plea hearing but notified the magistrate's bailiff that she wanted to have a trial. The prosecutor was not present, so the bailiff advised her to file a document expressing her wishes. Ms. Bardwell-Patino filed a one-line statement, indicating that she was pleading not guilty, and left the courthouse without consulting with the magistrate. Later that same day, the magistrate directed the clerk to set the matter for trial. The magistrate also indicated that all time would be charged to Ms. Bardwell-Patino.

{¶5} A trial before the magistrate was held on May 11, 2020. At its conclusion, the magistrate found Ms. Bardwell-Patino guilty of speeding. The magistrate issued a decision sentencing her to a fine and costs, and the trial court immediately adopted the magistrate's decision. The magistrate's decision and the trial court's judgment entry were filed as a single document.

{¶6} Ms. Bardwell-Patino did not file any objections within fourteen days of the magistrate's decision. Three days after her filing deadline elapsed, she moved for a filing extension and submitted her proposed objections along with a request for findings of fact and conclusions of law. She argued that she was entitled to a filing extension because she had not been served with the magistrate's decision. The magistrate reviewed her request for an extension and denied it on several grounds. One of those grounds was that Ms. Bardwell-Patino and her attorney had been served with the magistrate's decision. In making that determination, the magistrate took judicial notice of a courthouse videorecording that had been made on the day of trial. The magistrate found that the recording showed Ms. Bardwell-Patino and her attorney receiving copies

of the decision/judgment entry at the clerk's window after the trial. Upon review, the trial court adopted the magistrate's decision and denied Ms. Bardwell-Patino's motion for a filing extension. The magistrate and trial court also overruled as moot her proposed objections and her request for findings of fact and conclusions of law.

{¶7} Ms. Bardwell-Patino filed a request for a hearing to challenge the propriety of the court's decision to take judicial notice of the courthouse videorecording. The court scheduled the matter for a hearing, but Ms. Bardwell-Patino filed a notice of appeal before the scheduled hearing date. As a result, the court cancelled the scheduled hearing and found moot her objections to its decision to take judicial notice.

{¶8} Ms. Bardwell-Patino now appeals from the trial court's judgment and raises five assignments of error for our review. To facilitate our analysis, we rearrange several of her assignments of error.

II.

**ASSIGNMENT OF ERROR IV**

BECAUSE THE SIXTH AMENDMENT AND STATE LAW GUARANTEE A
SPEEDY TRIAL, THE TRIAL COURT ERRED BY DENYING THE MOTION
TO DISMISS.

{¶9} In her fourth assignment of error, Ms. Bardwell-Patino argues that the trial court erred when it denied her motion to dismiss. Because her speedy trial time elapsed well before her trial, Ms. Bardwell-Patino argues, the lower court ought to have granted her motion. Upon review, we reject her argument.

{¶10} To preserve a statutory speedy trial argument for appeal, a defendant must invoke her speedy trial rights "at or prior to the commencement of trial." R.C. 2945.73(B). *Accord State v. Griffin*, 9th Dist. Medina No. 2440–M, 1995 WL 752663, *1 (Dec. 20, 1995). A defendant who

fails to assert her speedy trial rights in a timely manner forfeits those rights and is limited to a claim of plain error on appeal. *See State v. Carter*, 9th Dist. Summit No. 27717, 2017-Ohio-8847, ¶ 20; *Griffin* at *1. "This Court has repeatedly noted that it will not sua sponte fashion an unraised plain error argument and then address it." *State v. Jacobs*, 9th Dist. Summit No. 27545, 2015-Ohio-4353, ¶ 33.

{¶11}  Ms. Bardwell-Patino did not file any motion to dismiss before trial. She claims that she raised her speedy trial argument at the start of trial when she asked the magistrate to dismiss the matter. She acknowledges, however, that "the trial court did not record that conversation," and Ms. Bardwell-Patino never attempted to prepare an App.R. 9(C) statement to submit on appeal. Accordingly, it is impossible to confirm from a review of the record that she properly asserted her speedy trial rights. *See* R.C. 2945.73(B). "Absent any indication in the record that [Ms. Bardwell-Patino] invoked her speedy trial rights 'at or prior to the commencement of trial,' [*id.*], this Court must conclude that she forfeited those rights and is now limited to a claim of plain error." *State v. Tinley*, 9th Dist. Medina No. 17CA0062-M, 2018-Ohio-2239, ¶ 11, quoting R.C. 2945.73(B). She has not argued plain error on appeal, however, and this Court will not construct an argument on her behalf. *Tinley* at ¶ 11. As such, Ms. Bardwell-Patino's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR I

BECAUSE IT FAILED TO SERVE THE MAGISTRATE'S DECISION, THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING AN EXTENSION OF TIME IN WHICH TO FILE OBJECTIONS.

{¶12}  In her first assignment of error, Ms. Bardwell-Patino argues that the trial court abused its discretion when it refused to grant her an extension of time to file her objections to the magistrate's decision. For the following reasons, this Court sustains her assignment of error.

{¶13} The magistrate found Ms. Bardwell-Patino guilty of speeding and issued its decision on May 11, 2020. The trial court adopted the magistrate's decision that same day. As previously noted, Ms. Bardwell-Patino filed a motion for an extension of time to file her objections on May 28, 2020. She argued that an extension was warranted because she had not been served with the magistrate's decision and only became aware of it after the filing deadline had passed. The magistrate and trial court denied her motion for an extension on two grounds. The first was that the time for filing her objections ran from the filing of the magistrate's decision, not the service of its decision. The second was that Ms. Bardwell-Patino had been properly served with the May 11th judgment entry.

{¶14} Ms. Bardwell-Patino argues that she was entitled to a filing extension because she demonstrated good cause for her untimely filing. *See* Traff.R. 14(C); Crim.R. 19(D)(5). She maintains that the court failed to serve her with its judgment entry, which, she argues, is a prime example of good cause for a filing delay. The State counters that she failed to demonstrate good cause and, in any event, her appeal from the court's entry of judgment on the magistrate's decision is untimely.

{¶15} We begin by addressing the State's contention that Ms. Bardwell-Patino's appeal is untimely. On March 27, 2020, the Ohio Supreme Court promulgated a tolling order related to the Covid-19 global pandemic. *See In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court and Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166 ("the Tolling Order"). The Tolling Order was retroactive to March 9, 2020, and effective until July 30, 2020. It explicitly tolled all filing deadlines, including the deadline for filing an appeal. Because the Tolling Order tolled the time in which Ms. Bardwell-Patino had to file her

appeal and she filed it while the Tolling Order was still in effect, her appeal is not untimely. *See* Tolling Order, 2020-Ohio-1166.

{¶16} We note that the Tolling Order also was in effect when Ms. Bardwell-Patino sought an extension of time to file her objections to the magistrate's decision. Even so, it did not absolve her late filing due to an administrative order that the Medina Municipal Court issued on April 28, 2020. The administrative order superseded the Tolling Order, as it advised all parties "to conform to the timeframes, deadlines, and response periods stated in [the Ohio Rules of Criminal Procedure and the Ohio Traffic Rules]." Administrative Order and Judgement Entry Re Procedure in Civil Criminal Cases (Apr. 28, 2020). *See also* Tolling Order at Subsection (G) (allowing local courts, by specific order, to "still require filing in accordance with existing rules"). Although the administrative order contained a provision allowing parties to seek filing extensions "for cause shown," Ms. Bardwell-Patino never moved for relief pursuant to that provision. Accordingly, the only issue is whether the trial court erred when it refused to grant her an extension under the Rules of Criminal Procedure and the Ohio Traffic Rules.

{¶17} "For good cause shown," a court may grant a party a reasonable extension of time to file objections to a magistrate's decision. Crim.R. 19(D)(5). One example of "good cause" may be that the clerk failed "to timely serve the party seeking the extension with the magistrate's order or decision." *Id.* An appellate court reviews a trial court's decision to deny a filing extension for an abuse of discretion. *See State v. Jenny*, 9th Dist. Medina No. 18CA0041-M, 2019-Ohio-1491, ¶ 11-12; *State v. Graupmann*, 2d Dist. Greene No. 2013 CA 65, 2014-Ohio-3637, ¶ 7-10. *See also Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18 (trial court's action on magistrate's decision will be considered "with reference to the nature of the underlying

matter"). An abuse of discretion implies the court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶18} Ms. Bardwell-Patino specifically argued that good cause existed for a filing extension because she was not served with the magistrate's decision. She noted that the certificate of service on the decision/judgment entry was blank. She indicated that she was not aware of the decision until she reviewed the online docket. By that time, her fourteen-day window had already lapsed.

{¶19} The magistrate/trial court denied Ms. Bardwell-Patino's request for a filing extension on two bases. First, the court determined that her fourteen-day window ran from the "filing" of the magistrate's decision, regardless of service. *See* Crim.R. 19(D)(3)(b)(i) ("A party may file written objections * * * within fourteen days of the filing of the decision * * *."). The court determined that the service of the magistrate's decision had no bearing on Ms. Bardwell-Patino's filing deadline. Yet, service of a magistrate's decision is required by Crim.R. 19(D)(3)(a)(iii), and the rule specifically provides that a filing extension may be granted when a failure of service has occurred. Crim.R. 19(D)(5). The plain language of the rule negates the trial court's decision to hold Ms. Bardwell-Patino to the fourteen-day deadline, regardless of service. *See id.*

{¶20} The lower court also denied Ms. Bardwell-Patino's request for a filing extension because it determined that she had received service of the magistrate's decision/judgment entry. The court reached that conclusion by sua sponte taking judicial notice of an "in-court camera video[recording]" from the day of trial. It was the court's impression that the videorecording contradicted Ms. Bardwell-Patino's contention that she did not receive service.

{¶21} Courts may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). Because "'[a] high degree of indisputability is the essential prerequisite[,]'" facts that are subject to reasonable dispute are not appropriate for judicial notice. *Twinsburg v. Wesby*, 9th Dist. Summit No. 25813, 2012-Ohio-569, ¶ 7, quoting Advisory Committee Notes to Fed.R.Evid. 201. Likewise, a trial court may not take judicial notice of matters outside the record, as doing so impedes appellate review. *In re J.C.*, 9th Dist. Summit No. 25006, 2010-Ohio-637, ¶ 14-15.

{¶22} Upon review, we must conclude that the trial court abused its discretion when it refused Ms. Bardwell-Patino a filing extension. Ms. Bardwell-Patino explicitly maintained that she did not receive service of the magistrate's decision/judgment entry. Moreover, the decision/entry itself corroborated her claim, as the certificate of service on the document was blank. The lower court rejected Ms. Bardwell-Patino's claim because it found that a courthouse videorecording "clearly demonstrate[d] that [she] and her attorney reported to the Clerk's window and were provided copies of the 5/11/2020 Decision/Judgment Entry * * *." The court erred by rejecting her claim on that basis.

{¶23} The fact that the lower court acknowledged the existence of conflict between Ms. Bardwell-Patino's claim and its own examination of the videorecording gives this Court pause, as adjudicative facts may be judicially noticed only if they are "not subject to reasonable dispute." Evid.R. 201(B). Even setting that issue aside, however, we must conclude that the trial court erred. The videorecording that the court viewed was not produced by either party or otherwise made a part of the record. It constituted a matter outside the record, and therefore, was not an item on

which the trial court could rely to take judicial notice. *See In re J.C.* at ¶ 14-15. The trial court only had before it Ms. Bardwell-Patino's claim that she was not served with the magistrate's decision and the decision/entry with a blank certificate of service. Because a failure of service constitutes good cause for a filing extension under Crim.R. 19(D)(5), we must conclude that the trial court acted unreasonably when it refused to grant Ms. Bardwell-Patino's motion for an extension. Accordingly, her first assignment of error is sustained.

### ASSIGNMENT OF ERROR III

> BECAUSE THE SIXTH AMENDMENT AND STATE LAW GUARANTEE A PUBLIC TRIAL, THE TRIAL COURT ERRED BY ORDERING THE TRIAL TO BE HELD IN SECRET.

{¶24} In her third assignment of error, Ms. Bardwell-Patino argues that the trial court violated her right to a public trial. The record reflects that she raised this issue in her proposed objections to the magistrate's decision. Based on our resolution of her first assignment of error, her third assignment of error is premature, and we decline to address it. *See State v. Purefoy*, 9th Dist. Summit No. 27992, 2017-Ohio-79, ¶ 20.

### ASSIGNMENT OF ERROR II

> BECAUSE A DEFENDANT IS PRESUMPTIVELY ENTITLED TO ONE, THE TRIAL COURT ERRED BY DENYING MS. BARDWELL-PATINO'S MOTION FOR A TRANSCRIPT AT THE STATE'S EXPENSE.

{¶25} In her second assignment of error, Ms. Bardwell-Patino argues that the trial court erred when it denied her motion for a transcript of the proceedings at the State's expense. Upon review, we lack authority to consider her argument.

{¶26} "An appeal is initiated when the appellant files a notice of appeal." *State v. Hamilton*, 9th Dist. Lorain No. 17CA011143, 2018-Ohio-2551, ¶ 10. "The notice of appeal * * * shall designate the judgment, order or part thereof ap[p]ealed from * * *." App.R. 3(D). "An

appellate court 'is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal.'" *State v. Dixon*, 9th Dist. Summit No. 21463, 2004-Ohio-1593, ¶ 7, quoting *Slone v. Bd. of Embalmers & Funeral Dirs. of Ohio*, 123 Ohio App.3d 545, 548 (8th Dist.1997). "If a party seeks to include additional judgments or orders subsequently decided by the trial court in the same proceeding, App.R. 3(F) permits the party to amend his or her appeal to add such judgments or orders." *Dixon* at ¶ 6.

{¶27} Ms. Bardwell-Patino filed her notice of appeal on July 6, 2020, and indicated that she was appealing from two separate judgment entries. The first entry, dated May 11, 2020, was the court's judgment of conviction/sentencing entry. The second entry, dated June 3, 2020, denied Ms. Bardwell-Patino's motion for an extension of time to file her objections to the magistrate's decision. Neither of those judgment entries concerned Ms. Bardwell-Patino's request for a transcript of the proceedings. The record reflects that she filed a motion for a transcript at the State's expense after she filed her notice of appeal. The trial court then denied her motion on August 13, 2020. Ms. Bardwell-Patino never moved to amend her notice of appeal to add the court's August 13th entry. *See Dixon* at ¶ 6. *See also State v. Evans*, 9th Dist. Medina No. 17CA0029-M, 2017-Ohio-9293, ¶ 6-7 (order denying indigent defendant's request for transcripts is a final, appealable order). Because Ms. Bardwell-Patino did not include the trial court's August 13, 2020 judgment entry in her notice of appeal, this Court lacks authority to consider her argument regarding that entry. *See Dixon* at ¶ 7, quoting *Slone* at 548. Accordingly, we cannot address her second assignment of error.

## ASSIGNMENT OF ERROR V

BECAUSE THE STATE OFFERED INSUFFICIENT ADMISSIBLE EVIDENCE TO DEMONSTRATE MS. BARDWELL-PATINO'S SPEED, THE TRIAL COURT ERRED IN ENTERING A FINDING OF GUILTY.

{¶28} In her fifth assignment of error, Ms. Bardwell-Patino argues that her speeding conviction is based on insufficient evidence. For the following reasons, this Court rejects her argument.

{¶29} "While our resolution of [Ms. Bardwell-Patino's] [first] assignment of error mandates reversal, we are compelled to address [her] sufficiency challenge due to [her] constitutional protection against double jeopardy." *State v. Martucci*, 9th Dist. Summit No. 28888, 2018-Ohio-3471, ¶ 13. "A sufficiency challenge of a criminal conviction presents a question of law, which we review de novo." *State v. Spear*, 9th Dist. Summit No. 28181, 2017-Ohio-169, ¶ 6, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

{¶30} As previously noted, a magistrate presided over Ms. Bardwell-Patino's trial and found her guilty of speeding. The trial court then entered judgment on the magistrate's decision. Ms. Bardwell-Patino did not file timely objections to the magistrate's decision and was not permitted to file her objections at a later date. *See* Discussion of Assignment of Error Number One, *supra*. Accordingly, the record is devoid of any properly filed objections.

{¶31} "Except for a claim of plain error, a party shall not assign on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Crim.R. 19(D)(3)(b)." Crim.R. 19(D)(3)(b)(iv). *See also* Traff.R. 14(C) (providing that traffic proceedings held before a magistrate shall be conducted in accordance with Crim.R. 19). A party's failure to object in accordance with Crim.R. 19 results in a forfeiture. *See* Crim.R. 19(D)(3)(b)(iv). *See also State v. Perkins*, 9th Dist. Medina No. 17CA0048-M, 2018-Ohio-2240, ¶ 4-8. Though a party still may present her argument through a claim of plain error, this Court will not undertake a plain-error analysis on her behalf if she fails to do so. *Perkins* at ¶ 8.

**{¶32}** Ms. Bardwell-Patino was aware that she had not properly filed objections to the magistrate's decision, as her First Assignment of Error concerns the trial court's refusal to consider her untimely objections. Nevertheless, she has failed to construct a plain error argument herein. This Court will not fashion an argument on her behalf. *See id.* Because she forfeited her sufficiency argument by failing to object in accordance with Crim.R. 19 and has not asserted a claim of plain error on appeal, her fifth assignment of error is overruled.

III.

**{¶33}** Ms. Bardwell-Patino's first assignment of error is sustained. Her third assignment of error is premature, and her fourth and fifth assignments of error are overruled. This Court lacks authority to consider the merits of her second assignment of error. The judgment of the Medina Municipal Court is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

BRIAN D. BARDWELL, Attorney at Law, for Appellant.

GREGORY HUBER, J. MATTHEW LANIER, MEGAN A. PHILBIL, and ROBERT CAMPBELL, Prosecuting Attorneys, for Appellee.